ANDREA T. MARTINEZ, Acting United States Attorney (#9313)
JOHN K. MANGUM, Assistant United States Attorney (#2072)
john.mangum@usdoj.gov
111 South Main Street, #1800
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

Attorneys for the United States of America & Federal Officer Defendants

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RALAND J BRUNSON,<br><br>    Plaintiff,<br><br>v.<br><br>ALMA S. ADAMS, et al.<br><br>    Defendants. | Civil No. 1:21-cv-00111-CMR<br><br>**MOTON TO DISMISS FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM FOR RELIEF**<br><br>Honorable Cecilia M. Romero |

The 388 federal officers named as Defendants, appearing specially through their undersigned counsel for lack of service on them,[1] hereby move this Honorable Court to dismiss this action under Federal Rule of Civil Procedure 12(b)(1), on the grounds that (1) the Court lacks subject matter jurisdiction as Plaintiff has not alleged any applicable waiver of federal sovereign immunity, and none is known for the matters alleged, including that Plaintiff's claims are barred by absolute legislative immunity; and (2) under Federal Rule of Civil Procedure 12(b)(6), on the alternative ground that the Complaint fails to state a claim for relief.

---

1. Only the United States Attorney's Office was served with a summons for only Defendant Vice President Kamala Harris, with no service known on any of the individual federal officers themselves.

**Introduction**

Plaintiff has filed his Complaint in this state court against nearly four hundred current or former federal officers, all in their official capacities: 291 members of the United States House of Representatives, 94 Senators, and President Biden, Vice President Harris, and former Vice President Pence. Complaint Caption. The claims are based on Plaintiff's dissatisfaction with the outcome of the most recent election for President and Vice President of this country, the United States of America, and Plaintiff's claims that Defendants violated their oaths of office and waged war on this country and the unalienable God-given rights of its citizens by not further investigating claims that the Presidential election was rigged and fraudulent as Plaintiff claims it was before the Defendants accepted the electoral votes presented beginning on January 6, 2021. See Complaint at ¶¶ 9-19, 31-34, 38-58, 62 & 66.

Plaintiff complains that this alleged failure to adequately investigate the election results has damaged him to the extent of $484 million for each of the six causes of action, for a supposed total of $2.905 <u>billion</u>, that he wants tax free. He also seeks the immediate removal from office of all of the Defendants, that they never be able to collect any further pay from the United States for their official service in Congress or as President or Vice President, that they never be able to again practice law or again serve as an elected officeholder in this country, that they each be investigated for treason, and that former president Trump be again immediately inaugurated as President. See Complaint at ¶¶ 127-176.

Plaintiff's first two causes of action are styled as claims for promissory estoppel. See Complaint at ¶¶ 67-86. Promissory estoppel is normally considered as sounding in contract, rather than as a tort claim. *Heartland Biogas, LLC v. Bd. of Cty. Commissioners of Weld Cty.,*

No. 16-CV-03183-RM-NYW, 2017 WL 3730997, at *7 (D. Colo. Aug. 30, 2017)

("[A] promissory estoppel claim is properly characterized as one in the nature of a contract claim

. . .." [quoting] *Bd. of Cty. Comm'rs of Summit Cty. v. DeLozier*, 917 P.2d 714, 715 (Colo. 1996).

Plaintiff's third through sixth causes of action are all species of tort claims: breach of

duty, intentional infliction of emotional distress, fraud, and civil conspiracy. See Complaint at ¶¶

87-126.

Plaintiff's complaint is a virtually identical version of one earlier presented late last April

by his brother Loy Arlan Brunson as a proposed Third Amended Complaint (ECF No. 25) in

case no. 2:21-cv-175 in this United States District Court for the District of Utah, pending before

Chief Judge Shelby and Magistrate Judge Romero of this Court, who thus far have unilaterally

refused to accept that proposed complaint for filing or service or to allow service of any prior

version of the same proposed complaint filed by Plaintiff Raland's brother Loy Brunson. This

Court may take judicial notice of that other pending action. "[W]e may exercise our discretion to

take judicial notice of publicly-filed records in our courts and certain other courts concerning

matters that bear directly upon the disposition of the case at hand." United States v. Ahidley, 486

F.3d 1184, 1192 n.5 (10th Cir. 2007).

## STANDARD OF REVIEW

Generally, *pro se* pleadings should "be liberally construed." *Estell v. Gamble*, 429 U.S.

97, 106 (1996); Federal Rules of Civil Pro. 8(e). However, even lay plaintiffs must comply with

the same pleading standards and rules as other litigants. *See Ogden v. San Juan Cnty.*, 32 F.3d

452 (10th Cir. 1994). The same jurisdictional, procedural, and factual standards for pleadings

apply to *pro se* litigants. *See id.* Courts should not advocate for litigants who elect to proceed

without counsel. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court need not allow leave for Plaintiffs to amend their pleadings if it finds such amendments would be futile. *Bradley v. Val-Mejias*, 379 F.3d 892, 900-901 (10th Cir. 2004).

The burden to establish jurisdiction rests upon the party asserting that jurisdiction exists. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); and *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).

## Argument

## I. The Complaint Should Be Dismissed Pursuant to Rule 12(b)(1).

### A. This Action Cannot Proceed Without A Valid Waiver of Sovereign Immunity.

The United States is a sovereign, and in order to bring a lawsuit against it or its agencies or officers sued in their official capacities, as these federal officers have been, a party must identify an express waiver of sovereign immunity and statutory authority granting subject matter jurisdiction. As a general rule, "'the United States, as sovereign, is immune from suit save as it consents to be sued.'" *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). "In general, federal agencies and officers acting in their official capacities are also shielded by sovereign immunity." *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005), citing *Wyoming v. United States,* 279 F.3d 1214, 1225 (10th Cir. 2002). The United States' consent to be sued is "a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). In order for the United States to waive this sovereign immunity, the waiver "'cannot be implied but must be unequivocally expressed.'" *Id.* (quoting *United States v. King*, 395 U.S. 1, 4 (1969)). When the United States has not waived its sovereign immunity, the lawsuit must be dismissed. *Flute v. U.S.*, 808 F.3d 1234, 1239 (10th Cir.

2015) *cert. den.* 2016 U.S. LEXIS 5182 (U.S., Oct. 3, 2016). Even if a lawsuit is brought

pursuant to a statute in which the United States expressly waives its sovereign immunity, the suit

must strictly comply with the terms of the statute or else it is subject to dismissal. *Sherwood*, 312

U.S. at 590.

**B.  Brunson Failed to Establish Compliance with Any Waiver of Sovereign Immunity for Any of His Claims.**

This Court lacks subject matter jurisdiction over this action because Brunson failed to

establish compliance with any waiver of sovereign immunity to sue these federal officials of the

United States for damages or other relief. Brunson bears the burden of establishing a waiver of

sovereign immunity and compliance with the conditions of any such waiver. His failure to

establish such waivers or compliance with a waiver of sovereign immunity under each type of

claim is shown below.

1.  No Waiver for Constitutional claims

Turning now to why Plaintiff's substantive claims cannot be heard or succeed in this

Court, first, the United States has not waived its sovereign immunity for it, its agencies, or

employees in their official capacities to be sued for damages for allegedly violating the

Constitution. *F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994) ("[T]he United States simply has not

rendered itself liable . . . for constitutional tort claims."); *Martinez v. Winner*, 771 F.2d 424, 442

(10th Cir. 1985) (holding that there was no waiver of sovereign immunity to bring constitutional

claims against the Department of Justice or its employees sued in their official capacities).

Therefore, Brunson fails to be able to allege any waiver of sovereign immunity as to his Ninth or

Fourteenth Amendment bases for any claim he makes. See Complaint at ¶¶ 17, 20-22, 29-31.

2.  <u>No Waiver for Promissory Estoppel Claims</u>

Second, Brunson's first two causes of action for alleged promissory estoppel are barred because he has not pled any basis for waiver of sovereign immunity for those claims. And even if Plaintiff had a proper claim for an alleged promissory estoppel claim, as does not appear here, then at best for Plaintiff, which is not here conceded, only the United States Court of Federal Claims, and clearly not the state court or even this federal district court, might have jurisdiction to entertain such an action seeking more than $10,000.00 under the clear and express language of 28 U.S.C. §§ 1346(a)(2) (excluding federal district courts from having jurisdiction over contract actions against the United States where more than $10,000 is sought) and 1491(a)(1) (granting the Court of Federal Claims jurisdiction over claims against the United States for cases, among others, "upon an express or implied contract with the United States, . . ..").

Further authority for dismissing the promissory estoppel claims is here noted. *See Coulibaly v. Kerry*, 213 F. Supp. 3d 93, 126-28 (D.D.C. 2016) (dismissing promissory estoppel claims against federal government employees, regardless whether claims sounded in contract or tort); *Orleans Parish Communication Dist. v. FEMA*, 2011 WL 4829887, at *8 n.5 (E.D. La. Oct. 12, 2011) (same); *see also Jablon v. United States*, 657 F.2d 1064, 1070 (9th Cir. 1981) (dismissing promissory estoppel claim against government, stating "[w]e have not discovered, and the parties have not cited, any precedent in this circuit for an independent cause of action against the government founded upon promissory estoppel. Neither have we discovered a statute which would allow Dr. Jablon to sue the United States in this instance.").

3.  No Waiver for These Tort Claims

Third, there is no waiver of immunity for Brunson's tort claims, the third through sixth causes of action. The only waiver of federal sovereign immunity for tort claims is under the Federal Tort Claims Act ("FTCA"), found at 28 U.S.C. § § 1346(b)(1), 2671 to 2680. *In re Franklin Savings Corp.*, 385 F.3d 1279, 1286 (10th Cir. 2004). The FTCA is a limited waiver of the United States' sovereign immunity. The FTCA's waiver of immunity is limited to causes of action against the United States arising out of certain torts committed by federal employees acting within the scope of their employment. See United States v. Orleans, 425 U.S. 807, 813 (1976). Because the FTCA is only a limited waiver of the United States' sovereign immunity, it is subject to a number of exceptions. See, e.g., 28 U.S.C. § § 1346(b) and 2680; Orleans, 425 U.S. at 813. These exceptions are to be "strictly observed and exceptions thereto are not to be implied." Lehman v. Nakshian, 453 U.S. 156, at 160 (1981) (quoting Soriano v. United States, 352 U.S. 270, 276 (1957)).

The FTCA does not allow such tort claims as are alleged here to be filed in state court, as they were, as Congress gave the federal district courts exclusive jurisdiction of such claims. 28 U.S.C. § 1346(b)(1). *See Richards v. United States*, 369 U.S. 1, 13 n. 28 (1962) ("The Act permits claimants to sue only in the federal courts, and not in the state courts which are available in actions against a private individual, . . .." citing section 1346(b)). Removal of the state court action to this federal district court under section 1442 does not cure that problem under the doctrine of derivative jurisdiction. "[I]t is well settled that if the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though the federal court would have had jurisdiction if the suit had originated there." *Arizona v. Manypenny,*

451 U.S. 232, at 243, 101 S. Ct. 1657 (1981). Even though Congress later changed this for

removals under section 1441, the doctrine still applies for removals under section 1442, the

section under which the removal in this action was made. See *Bowers v. J & M Disc. Towing,*

*LLC.*, 472 F. Supp. 2d 1248, 1253-54 (D.N.M. 2006).

Next, only the United States, and not its officers, such as these federal officer Defendants,

can be sued under the FTCA. 28 U.S.C. § 2679(a) & -(b). Smith v. United States, 561 F.3d 1090,

1099 (10th Cir. 2009).

Next, Brunson cannot pursue his tort claims because the FTCA does not waive sovereign

immunity where there is a failure to exhaust administrative remedies before filing suit. To invoke

the FTCA's limited waiver of sovereign immunity, Congress requires each plaintiff to first

present the claim to the agency whose employees allegedly committed the negligent or wrongful

act, and wait six months for the agency to act, before filing suit. 28 U.S.C. § 2675(a).

Accordingly, failure to exhaust administrative remedies precludes a court from exercising subject

matter jurisdiction over any alleged tort claim. *See, e.g., McNeil v. United States*, 508 U.S. 106,

113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have

exhausted their administrative remedies. Because petitioner failed to heed that clear statutory

command, the District Court properly dismissed his suit."); Lopez v. United States, 823 F.3d

970, 976 (10th Cir. 2016). Brunson entirely failed to present to the Federal Courts an

administrative claim for his alleged injuries and he does not allege that he did so. Even if he had,

he manifestly did not wait the required six months before filing suit.

Other authority showing that the tort claims lack jurisdiction for this failure to exhaust

administratively are here noted. *See Sunnen v. N. Y. State Dep't of Health*, 544 F. App'x 15, 17

(2d Cir. 2013) (action against Senator arising out of constituent service); *Keyter v. McCain*, 207 F. App'x 801, 802 (9th Cir. 2006) (affirming FTCA dismissal for failure to exhaust in action against Senator for allegedly conspiring against plaintiff); *Brawner v. Educ. Mgmt. Corp.*, 2012 WL 3064019, at *6 (E.D. Pa. July 27, 2012) (stating, in dismissing action against Senator, that "[n]othing in the Complaint or in Plaintiff's responsive briefs, read in the light most favorable to him, suggests that he took stepsto exhaust his administrative remedies before filing a suit in federal court") (citation omitted), *aff'd*, 513 F. App'x 148, 151 n.3 (3d Cir. 2013); *De Masi v. Schumer*, 608 F. Supp. 2d 516, 524- 25 (S.D.N.Y. 2009) (same, "fail[ure] to allege" exhaustion). While plaintiff's failure to allege exhaustion of his FTCA administrative remedies is dispositive, the Office of the Senate Sergeant at Arms, which is charged with processing administrative tort claims filed with the Senate under the Act, *see* S. Res. 492, 97th Cong. (1982), *reprinted in Senate Manual*, S. Doc. No. 116-1, § 112 (2020), available at https://www.govinfo.gov/content/pkg/SMAN-116/pdf/SMAN-116- pg182-2.pdf., has confirmed that it has no record of any claim submitted by the plaintiff.

Therefore, Brunson cannot invoke the FTCA's limited waiver of sovereign immunity, which requires dismissal of his four tort claims for lack of subject matter jurisdiction.

4.   No Standing

Finally, Brunson lacks Article III standing because his generalized claims of legislative nonfeasance arising out of the counting of electors' votes do not establish injury in fact. *See Lance v. Coffman*, 549 U.S. 437, 439 (2007) (dismissing for lack of Article III injury in fact voters' challenge to redistricting plan and reaffirming the Court's "lengthy pedigree" of actions holding that "a plaintiff raising only a generally available grievance about government --

claiming only harm to his and every citizen's interest in proper application of the Constitution

and laws, and seeking relief that no more directly and tangibly benefits him than it does the

public at large -- does not state an Article III case or controversy"); *Cogswell v. U.S. Senate*, 353

F. App'x 175, 175-76 (10th Cir. 2009) (affirming dismissal of generalized grievance alleging

unconstitutional Senate delay in filling two district court vacancies); *Raiser v. Daschle*, 54 F.

App'x 305, 306-07 (10th Cir. 2002) (affirming dismissal of challenge to Senate's rule referring

judicial nominations to Judiciary Committee, holding that pendency of plaintiff's other cases and

"claims of alleged delay because of vacancies in the courts do not establish an injury"); *Urias v.

Obama*, 2016 WL 6472858, at *1 (9th Cir. Nov. 2, 2016) (affirming dismissal of complaint

against Senator for plaintiff's lack of particularized injury in suit "alleging various claims arising

from defendants' alleged failure to act in accordance with the United States Constitution");

*DeGenes v. Murphy*, 289 F. App'x 558, 559 (3d Cir. 2008) (affirming dismissal, for lack of

Article III injury, for Congressmen's failure to take official action plaintiff requested); *Kaetz v.

United States*, 2019 WL 4894569, at *2 (D. N.J. Oct. 4, 2019) (dismissing for lack of injury in

fact action against federal executive, legislative, and judicial defendants for alleged oath-of-

office violations).

　　　　Plaintiff lacks Article III standing for the additional reason that the injuries he alleges may

not be redressed by the equitable relief he seeks. Courts, for example, lack the power to remove

members of Congress from office, to disqualify them from holding future office, or to

investigate matters before them. *See Roudebush v. Hartke*, 405 U.S. 15, 18-19 (1972)

(recognizing that "who is entitled to the office of Senator" is an "unconditional and final"

judgment exercised by the Senate alone) (citing Senate's constitutional power to Judge

elections); *Barry v. United States ex rel. Cunningham*, 279 U.S. 597, 613 (1929) (Senate power

to Judge the elections of its Members authorizes it to "render a judgment which is beyond the

authority of any other tribunal to review"); *Wright v. Brady*, 2006 WL 2371327, at *1 (S.D. Tex.

Aug. 15, 2006) ("This court has no authority to order a sitting congressman removed from

Congress."); *see also Kelley v. Wall*, 2010 WL 5176172 (D. R.I. Nov. 30, 2010 ("[I]t is not

within the purview of the Court to order Congress to undertake an investigation."), *adopting*

*recommendation,* 2010 WL 5313296 (D. R.I.Dec. 20, 2010).

### C. Brunson's Claims Are Also Barred by Absolute Legislative Immunity

As all of Brunson's claims against the Defendant members of Congress and former Vice

President Pence concern their accepting the electoral college votes during one of the most

important functions of Congress, mandated by the Twelfth Amendment, without doing further

investigation of specious fraud claims never proven to the satisfaction of dozens of courts, these

causes of action are also barred by the doctrine of absolute legislative immunity under the

Speech or Debate clause of the Constitution found in Article I, section 6. It there states: "The

Senators and Representatives . . . for any Speech or Debate in either House, . . . shall not be

questioned in any other Place." This clause affords Members of Congress an absolute immunity

from all claims arising out of their conduct in the legislative sphere. *See* 28 U.S.C. § 2674

(preserving legislative immunity as a defense in FTCA actions). And *see McCarthy v. Pelosi,*

No. 20-5240, 2021 WL 3043280, at *3 (D.C. Cir. July 20, 2021) ("the 'Supreme Court has

consistently read the Speech or Debate Clause 'broadly' to achieve its purposes.' *Rangel*, 785

F.3d at 23 (quoting *Eastland v. U.S. Servicemen's Fund*, 421 U.S. 491, 501, (1975)). "[T]he

Clause applies not just to speech and debate in the literal sense, but to all 'legislative acts.'" *McCarthy, Id.,* citing *Doe v. McMillan*, 412 U.S. 306, 311–12, 93 S. Ct. 2018 (1973).

"The power of the Congress to conduct investigations is inherent in the legislative process." *Watkins v.United States*, 354 U.S. 178, 187 (1957). Speech or Debate immunity thus bars claims about the use, or lack of use, of that power. *See Rockefeller v. Bingaman*, 234 F. App'x 852, 855 (10th Cir. 2007) cert. den. 552 U.S. 1022 (2007) (holding that Speech or Debate immunity barred suit challenging the "decision of individual Congressmen *not to take legislative action* in response to [plaintiff's] prompts") (emphasis added); *Peterson v. Hatch*, 1996 WL 421946, at *1 (10th Cir. July 26, 1996) ("The essence of the complaint in this case is that Appellant disagrees with Senator Hatch's legislative judgment . . .. [T]he Speech and Debate Clause precludes judicial reexamination of those legislative policy choices "); *Voinche v. Fine*, 278 F. App'x 373 (5th Cir. 2008) (Speech or Debate immunity barred suit against Congressmen "for their alleged failure to investigate his claims"); *Ray v. U.S. Senate*, 1989 WL 156929, at *1 (4th Cir. Dec. 22, 1989) (holding Speech or Debate Clause barred suit, stating plaintiff "cannot claim damages for a committee's or a senator's failure to act on her behalf"); *Schacher v. Feinstein*, 2017 WL 7833631, at *1 (C.D. Cal. Jan. 11, 2017) (dismissing on Speech or Debate grounds "frivolous" suit against Senator to compel her to investigate).

Thus, the Speech or Debate Clause also bars Brunson's claims.

**D. Personal Jurisdiction is Lacking over Congress Members Not Elected from Utah**

Plaintiff's Complaint, insofar as it makes claims against Members of Congress not elected from Utah, is also subject to dismissal for lack of personal jurisdiction over those Defendants because the Complaint fails to allege the requisite minimum contacts with the forum

state to subject them to suit in this state.  *See Liberation News Serv. v. Eastland*, 426 F.2d 1379, 1384-85 (2d Cir. 1970) (affirming dismissal of suit against United States Senators for lack of personal jurisdiction); *Subramaniam v. Beal*, 2013 WL 5462339, at *3 (D. Or. Sept. 27, 2013) (dismissal for lack of personal jurisdiction of action against former Senator for conduct arising out of the performance of official duties); *Wade v. Akaka*, 2012 WL 6115656, at *4 (S.D. Tex. Nov. 2, 2012) (recommending dismissal for lack of personal jurisdiction of action alleging that Senators not elected from forum state failed to take action in response to plaintiff's request), *adopted by*, 2012 WL 6115056 (S.D. Tex. Dec. 10, 2012).

## II.  Alternatively, Brunson Failed to State a Claim for Relief.

In considering 12(b)(6) motions, the Court starts by examining the Complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Burnett v. Mortgage Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The court must "accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Albers v. Board of Cty. Comm'rs*, 771 F.3d 697, 700 (10th Cir. 2014); *see also Garcia-Rodriguez v. Gomm*, 169 F. Supp. 3d 1221, 1225 (D. Utah 2016). That said, a court is not required to accept as true conclusory statements or legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678. A court must "draw on its judicial experience and common

sense" to determine "whether a complaint states a plausible claim for relief." *Id*. at 679. *See also*

*Warnick v. Cooley*, 895 F.3d 746, 751 (10th Cir. 2018).

Here, the plausibility requirement of Rule 8 has not been met. Just because a few

members of Congress may have claimed there were improprieties in the election or that further

investigation was proper, there was no duty for other members of Congress to agree and Plaintiff

has not adequately alleged a proper basis for further investigation to have been required before

Defendants accepted the electoral votes properly presented. Claims that cannot state a proper

basis for relief are subject to dismissal with prejudice under Rule 12(b)(6) for failure to state a

proper claim for relief. The claims presented by Plaintiff are implausible by their very nature,

and the billions of dollars demanded and the other relief sought show how frivolous the claims of

Mr. Brunson are, notwithstanding that he may sincerely believe that the Presidential election was

somehow rigged. Further, a court is not "required to review voluminous extraneous materials

[like those Brunson attached to his Complaint] in an effort to address deficiencies in the

complaint and identify facts to support a plaintiff's legal theories." *Rusk v. Univ. of Utah*

*Healthcare Risk Mgmt.*, 2016 UT App 243, ¶ 7, 391 P.3d 325, 327.

No court, to our knowledge, has ever recognized a cause of action against a Member of

Congress for the alleged failure to take legislative action to a constituent's satisfaction. *See Apple*

*v. Glenn*, 183 F.3d 477, 478-79 (6th Cir. 1999) (affirming *sua sponte* dismissal for lack of subject

matter jurisdiction of action based on implausibility of First Amendment claims against United

States Senator and other top government officials for their alleged failure both to respond and to

take action in response to plaintiff's requests); *Newell v. Brown*, 981 F.2d 880, 887 (6th Cir.

1992) (upholding dismissal of claim against congressman arising out of service to a constituent,

stating "[f]or the federal judiciary to subject members of Congress to liability for simply doing their jobs would be unthinkable" because it would violate the separation of powers doctrine); *Richards v. Harper*, 864 F.2d 85, 88 (9th Cir. 1988) (holding that a congressman's "failure to assist [a constituent] was neither inappropriate nor actionable"); *Daviscourt v. Claybrook*, 2019 WL 3458000, at *5 (W.D. Wash., July 31, 2019) (dismissing claims that Senate staffer "fail[ed] to investigate the IRS' alleged wrongdoing"), *aff'd*, 821 F. App'x 855, 856 (9th Cir. 2020); *Damato v. Rell*, 2010 WL 2475666, at *3 (D. Conn. June 14, 2010) ("The refusal of a member of Congress to assist a constituent . . . does not constitute a cognizable claim"); *Lannak v. Biden*, 2007 WL 625849, at *2 (D. Del. Feb.27, 2007) (same).

Accordingly, Brunson's complaint is also and alternatively subject to dismissal with prejudice for failure to state a cognizable claim.

## CONCLUSION

For all of the reasons noted above, this action should be dismissed without prejudice for lack of subject matter and personal jurisdiction, or alternatively dismissed with prejudice for failure to state a claim.

Respectfully Submitted this 5th day of August, 2021.

ANDREA T. MARTINEZ
Acting United States Attorney

*/s/ John K. Mangum*
JOHN K. MANGUM
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am an employee of the United States Attorney's Office, and that the foregoing MOTION was e-filed with the Court this 5th day of August 2021 via the Court's electronic software, and Plaintiff is being notified of this filing this same day by email to his email address below, as well as by first class mail, postage prepaid:

        Raland J Brunson      thedreamofthecentury@gmail.com
        4287 South Harrison Blvd., Apt. #132
        Ogden, Utah 84403


                */s/ Amber Quintana*