FILED
2021 AUG 9 AM 11:52
CLERK
U.S. DISTRICT COURT

**Raland J Brunson**
**4287 South Harrison Blvd., Apt 132**
**Ogden, Utah 84403**
**Phone:  385-492-4898**
**Email: thedreamofthecentury@gmail.com**
**Pro Se**

## THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| RALAND J BRUNSON,<br><br>Plaintiff,<br><br>vs.<br>ALMA S. ADAMS ; et al.,<br><br>Defendants. | **MOTION TO REMAND<br>BACK TO STATE COURT**<br><br>Case No. 1:21-cv-00111-CMR<br><br>Judge:  Cecilia M. Romero |

Plaintiff Raland J Brunson ("Brunson") hereby moves this court with this *Motion To Remand Back To State Court* and states:

### REMAND IS MANDATORY

### FIRST REASON

Defendants know that the Federal Court is biased against Brunson, on page 3 of Defendants' Motion To Dismiss it states "Plaintiff's complaint is a virtually identical version of one earlier presented late last April by his brother Loy Arlan Brunson as a proposed Third Amended Complaint (ECF No. 25) in case no. 2:21-cv-175 in this United States District Court for the District of Utah, pending before Chief Judge Shelby and Magistrate Judge Romero of this Court, who thus far have <u>unilaterally refused</u> to accept that proposed complaint for filing or service or to allow service of any prior version of the same proposed complaint filed by Plaintiff Raland's brother Loy Brunson." (Under line emphasis added.)   Brunson moves this Court to take judicial notice of the said quote. "[W]e may exercise our discretion to take judicial notice of publicly-filed records in our courts and

1

certain other courts concerning matters that bear directly upon the disposition of the case at hand. " *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007).

Defendants have admitted that Brunson's complaint is identical to Loy's complaint wherein the Court has unilaterally refused to accept Loy's complaint for filing and service, without any reason given.  Being that Chief Judge Shelby is the Chief Judge, this admits that the Federal Court is biased against Brunson.

Furthermore, Andrea T. Martinez and John K. Mangum ("US Attorneys") for Defendants, have created a conflict of interest with their removal action.  The US Attorneys represent this Court as a Defendant in an action filed in the fourth Judicial District Court, in and for Utah County, State of Utah case# 210400887 by Loy Brunson, as the Plaintiff, whose posture under his State Claims is that his 3rd amended Complaint (filed in this Federal Court) is that this Court wrongfully unilateral refused to allow Loy to serve and file his 3rd amended Complaint.  This 3rd amended Complaint is virtually identical to the Complaint of this case.  The US Attorneys removal of this case from State Court was done while the US Attorneys enjoy an attorney client privilege with this Court who is a Defendant in Loy's case, and now the U.S. Attorneys bring this case to their client (this Court) to judge the outcome of this case.

The US Attorneys represent the Defendants of this case while at the same time they represent this Court in Loy's case, and then they bring this Case to this Court whom is their client.  This is a conflict of interest because they bring a case into a court in which they have an attorney client privilege with.  This Court is their client.  The moment this Court became a client of the US Attorneys they preempted themselves from being able to provide any kind of representation in this Court.  Actually the US Attorneys should be disqualified from representing their clients, "disqualification enforces the ethical obligation that each attorney owes to a client and to the bar to avoid impropriety as well as the appearance thereof. Code of Prof. Responsibility, Cannon 9"

(Internal citations omitted) *Gray v. State*, 469 So. 2d 1252.

In order to avoid a motion for the Judge to recuse herself, and a motion to disqualify the US Attorneys, this case should be remanded without delay.

SECOND REASON

A state court case is removable under 28 U.S.C. § 1441(a) only when "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Because removal raises "significant federalism concerns," courts must construe removal jurisdiction strictly.   *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).

Accordingly, "[i]f federal jurisdiction is doubtful, a remand is necessary." *Id.* The party seeking removal bears the burden of demonstrating jurisdiction.   *Id.* Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. When considering whether an action arises under federal law, "'the well-pleaded complaint rule' demands that we confine our inquiry to the 'plaintiff's statement of his own claim . . . unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose.'"   *Flying Pigs, LLC v. RRAJ Franchising, LLC*, 757 F.3d 177, 181 (4th Cir. 2014) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 809 (1988)). "Most of the cases brought under § 1331 federal question jurisdiction 'are those in which federal law creates the cause of action.'"   *Mulcahey*, 29 F.3d at 151 (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 809 (1986)).  There is, however, a slim category of cases that arise under state law but implicate a significant federal issue. *See Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). Such cases create a narrow basis for jurisdiction called "substantial federal question jurisdiction." *Gunn v. Minton*, 133 S. Ct. 1059, 1065 (2013); *Flying Pigs*, 757 F.3d at 182.

The Supreme Court has articulated a four-factor test for determining whether substantial federal question jurisdiction exists. Under that test, "federal jurisdiction over a state law claim will lie if a federal issue is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 133 S. Ct. at 1065.

To fall within this narrow basis for jurisdiction, the state-law cause of action must implicate a federal issue that is necessarily raised, actually disputed, substantial, and capable of resolution in a federal court without disrupting the federal-state balance of power. *Flying Pigs*, 757 F.3d at 183 n.8 (quoting *Gunn*, 133 S. Ct. at 1065). "Where all four of these requirements are met . . . jurisdiction is proper because there is a serious federal interest in claiming the advantages thought to be inherent in a federal forum, which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." *Gunn*, 133 S. Ct. at 1065 (internal quotations omitted). The application of these factors is a "litigation-provoking problem." *Merrell Dow*, 478 U.S. at 810. These said four elements do not exist in Brunson's Complaint.

"[A] plaintiff's right to relief for a given claim necessarily depends on a question of federal law only when *every* legal theory supporting the claim requires the resolution of a federal issue." *Flying Pigs*, 757 F.3d at 182 (quoting *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004)). Brunson's claims do not depend on a question of federal law.

Furthermore, the State Court has competent jurisdiction over Brunson's Complaint and cannot be moved to federal court.

> MOONEY v. DENVER & R.G.W.R. CO., 118 Utah 307 (1950)"that the jurisdiction of the federal courts shall be `concurrent' with that of the state courts, and that no action brought in a state court of competent jurisdiction shall be removed to a federal court."

Also, Brunson is ""the master of the complaint," the well-pleaded-complaint rule enables him, "by eschewing claims based on federal law, . . . to have the cause heard in state court." *Caterpillar Inc.*, *supra*, at 398-399". *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 US 826.   Even if Brunson's claims were eschewing claims on federal law, which it is not, his claims must be heard in State Court.

Furthermore, "Congress has long since decided that federal defenses do not provide a basis for removal." *Caterpillar Inc. v. Williams*, 482 US 386.

It is clear that Defendants seek to bring Brunson's  Complaint into Federal Court where Brunson will <u>not get a fair shake</u> because this Court is <u>clearly biased</u> and no doubt will deny Brunson's motion for remand and grant Defendant's motion to dismiss without addressing any opposition filed by Brunson.

- "*[E]very person* who brings a claim in a court or at a hearing held before an administrative agency has a due process right to receive a fair trial in front of a fair tribunal." *Id.*  (quotations and citations omitted)." *Brent Brown Dealerships v. Tax Com'n*, MVED, 2006 UT App 261.

- (". . . an opportunity to be heard in a meaningful way are at the very heart of procedural fairness . . .") *Brent Brown Dealerships v. Tax Com'n*, MVED, 2006 UT App 261.

- "A judgment is void "if the court that rendered it . . . acted in a manner inconsistent with due process." *Richins v. Delbert Chipman & Sons Co.*, 817 P.2d 382, 385 (Utah App. 1991) (quoting *Automatic Feeder Co. v. Tobey*, 221 Kan. 17, 558 P.2d 101, 104 (1976)); *accord In Re Estate of Jones*, 858 P.2d 983, 985 (Utah 1993); *Brimhall v. Mecham*, 27 Utah 2d 222, 224, 494 P.2d 525, 526 (1972); *Workman v. Nagle Constr., Inc.*, 802 P.2d 749, 753 (Utah App. 1990)" *Jenkins v. Weis*, 868 P.2d 1374 (Utah App. 1994).

Brunson reserves his right, if there may be any, to seek retribution against the Defendants and possibly their attorneys for their removal action as stated above.

WHEREFORE, for the said reasons and in the name of justice, Brunson moves this Court to remand his case back to the District Court of Utah Second Judicial District Weber County, case#

21090330 under the Honorable Judge Camilie Neider.

Humbly submitted this the 9th day of August, 2021.

Raland J Brunson, Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of August, 2021  I personally placed in the United States Mail to the individuals named below low a true and correct copy of **MOTION TO REMAND BACK TO STATE COURT.**

ANDREA T. MARTINEZ
JOHN K. MANGUM
111 South Main Street, #1800
Salt Lake City, Utah 84111

Raland Brunson