**Raland J Brunson**
4287 South Harrison Blvd., Apt 132
Ogden, Utah 84403
Phone: 385-492-4898
Email: thedreamofthecentury@gmail.com
Pro Se



IN THE DISTRICT COURT OF UTAH

SECOND JUDICIAL DISTRICT WEBER COUNTY

| RALAND J BRUNSON, | **EMERGENCY EX PARTE TO STOP REMOVAL** |
|---|---|
| Plaintiff, | |
| vs. | Case No. 210903303 |
| ALMA S. ADAMS ; et al., | Judge: CAMILLE NEIDER |
| Defendants. | |
| | TRIAL BY JURY DEMANDED |

Plaintiff Raland J Brunson ("Raland") hereby moves this court with his *Emergency Ex Parte To Stop Removal* and states:

Pursuant to Rule 7(b) and Rule 5(a)(1)(E) of the Utah Rules of Civil Procedure Raland hereby submits this motion without the requirement of giving notice to any party, and without the requirement of giving a memorandum.

An emergency exist to stop Defendants "Notice Of Removal Of Action to Federal Court" ("Removal") filed on August 5, 2021 which cannot take place without it prejudicing Raland and throws Raland's law suit into the Federal Court that is biased against him.

Defendants filed a *"Motion To Dismiss For Lack Of Jurisdiction And Failure To State A Claim For Relief"* ("Motion to Dismiss') in Federal Court on the same date of Defendants' Removal. (Document 3 Case 1:21-cv-00111-CMS filed on August 5, 2021). On page 3 of the Motion To Dismiss it states "Plaintiff's complaint is a virtually identical version of one earlier

1

presented late last April by his brother Loy Arlan Brunson as a proposed Third Amended Complaint (ECF No. 25) in case no. 2:21-cv-175 in this United States District Court for the District of Utah, pending before Chief Judge Shelby and Magistrate Judge Romero of this Court, who thus far have <u>unilaterally</u> refused to accept that proposed complaint for filing or service or to allow service of any prior version of the same proposed complaint filed by Plaintiff Raland's brother Loy Brunson." (Under line emphasis added) Here Defendants have admitted that Raland's complaint is identical as Loy's complaint wherein the court has unilaterally refused to accept Loy's complaint for filing and service, without any reason given, this admits that the Court is completely biased against Raland.

In response to the federal court's unilateral refusal to allow Loy's said complaint to be filed and served, Loy filed in the United States Court of Appeals For The Tenth Circuit ("Tenth Circuit") a *"Emergency Petition For Writ Of Mandamus"* ("Wirt") filed on June 2, 2021 against the Honorable Robert J. Shelby and the Honorable Cecilia M. Romero, case# 21-4074, In Re: Loy Brunson, et al. Raland moves this Court to take judicial notice of this writ "[W]e may exercise our discretion to take judicial notice of publicly-filed records in our courts and certain other courts concerning matters that bear directly upon the disposition of the case at hand." <u>United States v. Ahidley, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007)</u>.

After Loy filed the Writ, the 10th Circuit unilaterally refused to act upon or address the Writ, therefore in response to this refusal Loy filed a Complaint against the 10th Circuit and the United States District Court for the District of Utah ("Federal Court") naming them as Defendants ("Court Defendants") to his Complaint in case No. 210400887 ("Court Case") filed In The Fourth Judicial District Court, In And For Utah County, State Of Utah (Provo Utah). Raland moves this court to take judicial notice of this Court Case in its entirety. (*Id. United*).

The Court Defendants (are represented by the same attorneys of the Defendants of this

case) filed a motion to dismiss and Loy filed a opposition to their motion to dismiss. Raland moves this Court to take judicial notice of both of these pleadings found in the Court Case. (*Id. United*).

It is clear that Defendants seek to bring Raland's Complaint into Federal Court where Raland will not get a fair shake because they are clearly biased and no doubt will deny Raland's motion for remand and grant Defendant's motion to dismiss without addressing any opposition filed by Raland.

- "*[E]very person* who brings a claim in a court or at a hearing held before an administrative agency has a due process right to receive a fair trial in front of a fair tribunal." *Id.* (quotations and citations omitted)." *Brent Brown Dealerships v. Tax Com'n*, MVED, 2006 UT App 261.

- ("... an opportunity to be heard in a meaningful way are at the very heart of procedural fairness...") *Brent Brown Dealerships v. Tax Com'n*, MVED, 2006 UT App 261.

- "A judgment is void "if the court that rendered it ... acted in a manner inconsistent with due process." *Richins v. Delbert Chipman & Sons Co.*, 817 P.2d 382, 385 (Utah App. 1991) (quoting *Automatic Feeder Co. v. Tobey*, 221 Kan. 17, 558 P.2d 101, 104 (1976)); *accord In Re Estate of Jones*, 858 P.2d 983, 985 (Utah 1993); *Brimhall v. Mecham*, 27 Utah 2d 222, 224, 494 P.2d 525, 526 (1972); *Workman v. Nagle Constr., Inc.*, 802 P.2d 749, 753 (Utah App. 1990)" *Jenkins v. Weis*, 868 P.2d 1374 (Utah App. 1994).

Defendant's notice of Removal is brought pursuant to 28 U.S.C. § 1446 and us such is unreasonable because in this case it violates Raland's due process rights by throwing him into a court that is biased which the Defendants clearly know. "... consequences, manifestly contradictory to common reason, they are, with regard to those collateral consequences, void. I lay down the rule with these restrictions; though I know it is generally laid down more largely, that acts of parliament contrary to reason are void. But if the parliament will positively enact a thing to be done which is unreasonable, I know of no power that can control it: and the examples usually alleged in support of this sense of the rule do none of them prove, that where the main object of a statute is unreasonable the judges are at liberty to reject it; for that were to set the

judicial power above that of the legislature, which would be subversive of all government. But where some collateral matter arises out of the general words, and happens to be unreasonable; there the judges are in decency to conclude that this consequence was not foreseen by the parliament, and therefore they are at liberty to expound the statute by equity, and only quoad hoc disregard it." *State Ex Rel. Z.C.*, 2007 UT 54.

    28 U.S.C. § 1446 should not be applied in this case because it has found a way to put Raland in a biased Federal Court which prejudices Raland.

    WHEREFORE, for the said reasons Raland moves this Court to keep this case in this Court.

    Humbly submitted this the 6th day of August, 2021.

_____
Raland Brunson
Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of August, 2021 I personally placed in the United States Mail to the individuals named below low a true and correct copy of **EMERGENCY EX PARTE TO STOP REMOVAL.**

ANDREA T. MARTINEZ
JOHN K. MANGUM
111 South Main Street, #1800
Salt Lake City, Utah 84111

_/s/ Raland Brunson_
Raland Brunson

5