FILED
2021 AUG 19 PM 1:45
CLERK
U.S. DISTRICT COURT

**Raland J Brunson**
**4287 South Harrison Blvd., Apt 132**
**Ogden, Utah 84403**
**Phone:  385-492-4898**
**Email: thedreamofthecentury@gmail.com**
**Pro Se**

## THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| RALAND J BRUNSON, | **REQUEST FOR ORDER ON AGREEMENT FOR EXTENSION OF TIME** |
| Plaintiff, | |
| vs. | Case No. 1:21-cv-00111-CMR |
| ALMA S. ADAMS ; et al., | |
| Defendants. | Judge:  Bruce S. Jenkins |

Plaintiff Raland J Brunson ("Brunson") hereby moves this court with this *Request For Order On Agreement For Extension Of Time* and states:

On or about August 5, 2021 Defendants filed a motion to dismiss (ECF 3), Defendants have agreed[1] to extend the time in which Brunson is to respond to this motion until after an Order from the Court on Brunson's motion for remand (ECF 5) has been issued, the date of this order will then start the clock upon which Brunson is given to file a response on Defendant's said motion to dismiss.

Brunson moves this Court to sign the said proposed order that is filed alongside this pleading that reflects the said request for an extension of time.

Humbly submitted this the 19th day of August, 2021.

Raland J Brunson

---

[1] See the attached "Exhibit A".

## CERTIFICATE OF SERVICE

I hereby certify that on the 19 day of August, 2021  I personally placed in the United States Mail to the individuals named below a true and correct copy of **REQUEST FOR ORDER ON AGREEMENT FOR EXTENSION OF TIME** and **[PROPOSED] ORDER FOR AN EXTENSION OF TIME.**

ANDREA T. MARTINEZ
JOHN K. MANGUM
111 South Main Street, #1800
Salt Lake City, Utah 84111


Raland J Brunson

# EXHIBIT A

**Fwd: Case# 1:21-cv-00111-CMR Raland Brunson**

Raland Brunson <thedreamofthecentury@gmail.com>

Wed 8/18/2021 7:24 PM

To: raland.brunson@hotmail.com <raland.brunson@hotmail.com>

---------- Forwarded message ---------
From: **Raland Brunson** <thedreamofthecentury@gmail.com>
Date: Wed, Aug 18, 2021 at 2:22 PM
Subject: Fwd: Case# 1:21-cv-00111-CMR Raland Brunson
To: <atlas05@aol.com>

---------- Forwarded message ---------
From: **Mangum, John (USAUT)** <John.Mangum@usdoj.gov>
Date: Tue, Aug 17, 2021 at 6:24 PM
Subject: RE: Case# 1:21-cv-00111-CMR Raland Brunson
To: Raland Brunson <thedreamofthecentury@gmail.com>

Mr. Brunson, sorry to be slow in responding, but I have dealing with the funeral of a brother in law.

We will agree to your request for an extension, but you need to move the court to so order.

Regards, John

*John K. Mangum*

Assistant United States Attorney

& Chief of Civil Division

Mostly teleworking from home

111 South Main St., #1800

Salt Lake City, Utah 84111

Work cell: 801-834-9447

john.mangum@usdoj.gov

**From:** Mangum, John (USAUT)
**Sent:** Monday, August 16, 2021 9:52 AM
**To:** Raland Brunson <thedreamofthecentury@gmail.com>
**Subject:** RE: Case# 1:21-cv-00111-CMR Raland Brunson


Mr. Brunson,


I am about to start some meetings I need to attend to but will get back to you this afternoon.


Regards, John


*John K. Mangum*

Assistant United States Attorney

& Chief of Civil Division

Mostly teleworking from home

111 South Main St., #1800

Salt Lake City, Utah 84111

Work cell: 801-834-9447

john.mangum@usdoj.gov


**From:** Raland Brunson <thedreamofthecentury@gmail.com>
**Sent:** Monday, August 16, 2021 9:46 AM
**To:** Mangum, John (USAUT) <JMangum@usa.doj.gov>
**Subject:** Case# 1:21-cv-00111-CMR Raland Brunson

Dear Mr. Mangum,

I haven't received any word on my request to extend the time to respond to your motion to dismiss. I'm hoping that you can agree to extend the time in which I am to respond to your motion to dismiss until after my motion for remand has been decided by the court upon which would then start the clock to which I am to respond.

I'm hoping that you can agree to give me this extension so that I don't have to use judicial resources under an ex parte motion for an extension of time wherein I'd argue the district court must be certain that federal subject matter jurisdiction is proper before entertaining a motion by Defendant  under Federal Rule 12 to dismiss my complaint for failure to state a claim upon which relief may be granted. See, e.g., Akhlaghi v. Berry, 294 F.Supp.2d 1238 (D. Kan. 2003) (remanding, concluding it better practice to rule on motion to remand before motion to dismiss for failure to state a claim); Thompson v. Fritsch, , 966 F.Supp. 543 (D. Mich.1997)(must establish removal jurisdiction before granting summary judgment); Ren-Dan Farms, Inc. v. Monsanto Co., 952 F.Supp. 370 (D. La.1997) (must determine subject matter jurisdiction before personal jurisdiction or venue); National Union Fire Ins. Co. v. Liberty Mut. Ins. Co., 878 F.Supp.199 (D. Ala.1995). This Court correctly deferred consideration of pending Motions to Dismiss until removal jurisdiction could be established.

If the district court at any time determines that it lacks jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court. 28 U.S.C. § 1447; see, e.g. ARCO Envtl. Remediation, LLC v. Dep't of Health and Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000). Because the existence of federal subject matter jurisdiction is a constitutional requirement, there is substantial case law to the effect that the district court may remand a removed case in which the lack of subject matter jurisdiction is discovered at any
time prior to the entry of judgment. 28 U.S.C. § 1447. Although my motion this motion is filed within thirty days to preserve procedural objections, any issues respecting jurisdictional infirmities remain open for consideration until entry of judgment.

Please respond as quickly as possible so that I don't have to use the Courts recourses to get an extension while demonstrating to the court your non-responsiveness to my request.


Sincerely,

Raland Brunson