ANDREA T. MARTINEZ, Acting United States Attorney (#9313)
JOHN K. MANGUM, Assistant United States Attorney (#2072)
john.mangum@usdoj.gov
111 South Main Street, #1800
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RALAND J BRUNSON,<br><br>Plaintiff,<br><br>v.<br><br>ALMA S. ADAMS, et al.<br><br>Defendants. | **MEMORANDUM OPPOSING MOTION TO REMAND**<br><br>Civil No. 1:21-cv-00111-BSJ<br><br>Senior District Court Judge Bruce S. Jenkins |

The United States respectfully submits the following memorandum opposing the motion of Plaintiff (ECF No. 5) to remand this action to state court.

**Introduction**

Plaintiff filed his Complaint in state court against nearly four hundred current or former federal officers, all in their official capacities: 291 members of the United States House of Representatives, 94 Senators, and President Biden, Vice President Harris, and former Vice President Pence. ECF Nos. 2-1 & 6-1, Complaint Caption. The claims are based on Plaintiff's dissatisfaction with the outcome of the most recent election for President and Vice President of this country, the United States of America, and Plaintiff's claims that Defendants violated their

1

oaths of office and waged war on this country and the unalienable God-given rights of its citizens by not further investigating claims that the Presidential election was rigged and fraudulent as Plaintiff claims it was before the Defendants accepted the electoral votes presented beginning on January 6, 2021. See Complaint (ECF Nos. 2-1 & 6-1) at ¶¶ 9-19, 31-34, 38-58, 62 & 66.

Plaintiff complains that this alleged failure to adequately investigate the election results has damaged him to the extent of $484 million for each of the six causes of action, for a supposed total of $2.905 billion, that he wants tax free. He also seeks the immediate removal from office of all of the Defendants, that they never be able to collect any further pay from the United States for their official service in Congress or as President or Vice President, that they never be able to again practice law or again serve as an elected officeholder in this country, that they each be investigated for treason, and that former president Trump be again immediately inaugurated as President. See Complaint at ¶¶ 127-176.

This action was removed from state court to this federal court on Thursday, August 5, 2021 pursuant to 28 U.S.C. § 1442(a)(1) and –(a)(4). ECF No. 2. The same day, the United States filed a motion to dismiss this action for lack of jurisdiction on multiple grounds and for failure to state a claim for relief. ECF No. 3.

Thereafter, Plaintiff filed a motion to remand this action back to state court on Monday, August 9, 2021. ECF No. 5. Two primary grounds were urged for the remand motion. The first ground urged was that this Court was biased and that now there was a conflict of interest because the undersigned counsel for the United States had earlier moved to dismiss the state court action filed by Plaintiff's brother against this Court and the Tenth Circuit Court of Appeals. The second

ground claimed that removal was improper citing 28 U.S.C. § 1441 (a removal statute different than that used for this removal) and cases arising thereunder. Both grounds miss the mark.

## Argument

**I. The Court Has No Demonstrable Bias and No Conflict Exists.**

Plaintiff contends that this Court must be biased against him because a complaint almost identical to this one filed by Raland Brunson has been proposed as a third amended complaint filed by his brother Loy Brunson last April, in an action pending before Chief Judge Shelby and Magistrate Judge Romero, and has <u>thus far</u> not been acted upon or accepted for service.[1] This assumption of bias does not follow from that predicate. The bias assumption ignores that there are jurisdictional and merit issues presented by both complaints that do not support any claim of any bias against these Plaintiffs. As courts of limited jurisdiction, federal district courts must always be alert to make sure that jurisdiction exists before requiring or allowing precious judicial and other resources to be expended. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[C]ourts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

That is especially true here for two reasons. First, the claims asserted by these Plaintiffs confront long-standing sovereign immunity and other jurisdictional standards that need to be addressed. Second, the claims of both brothers seek orders that would require the Marshals Service to serve these Plaintiffs' respective complaints on nearly four hundred members of Congress and other top federal officials in the Executive Branch. It only makes great sense that Judges Shelby and Romero would take the needed time amidst a host of other cases they must

---

1. Loy A. Brunson v. Adams, et al., case no. 2:21-cv-175-RJS-CMR (Dist. Utah) (the proposed Third Amended Complaint is ECF No. 25 in that case).

address to research and carefully reflect on whether such jurisdictional bars are present and whether the expense of federal resources to serve that other complaint could and should be merited.

Further, the intervening recusal of Judge Romero from this case after it was removed and its present assignment to another Article III judge of equal authority to that of those presiding over brother Loy Brunson's case removes even any potential appearance of bias. Judge Shelby's position as Chief Judge does not require that the other judges of this Court must follow his lead on matters of law if they see those issues differently. The Chief Judge position is largely concerned and consumed with handling administrative tasks of this Court. The Chief Judge lacks authority to require other equally Presidentially-appointed and Senate-confirmed judges of this same court to rule as he would if they see the same issue differently.

Plaintiff further asserts that since the undersigned counsel for the United States moved to dismiss on jurisdictional grounds an action filed by Plaintiff's brother Loy Brunson in state court against this Court and the Tenth Circuit, this creates a conflict of interest. It does not. The duty of loyalty owed by counsel for the United States to their client, the United States, including its agencies and officers sued in official capacities, is not compromised here. Seeking dismissal on jurisdictional grounds of a complaint against the two federal courts named as defendants in Loy's case does not compromise or undermine the duty of loyalty owed by these same counsel for the United States to the Executive Branch officials sued in their official capacities in this case, particularly when similar or identical jurisdictional grounds exist to bar the claims in the present case.

Also, there have been no ex parte communications with the judges of this court concerning brother Loy Brunson's case in state court or this case. The only client communications with the two federal courts sued in state court have been very minimal and exclusively through emails with only the head clerk of each of the two federal courts, not any judges.

Further, any possible fear that Plaintiff here may have had that he would not get a fair shake before this federal district court is no longer warranted given the reassignment of this case to Judge Jenkins, who had no involvement with the prior cases filed by Plaintiff's brother. And even if the state court complaint by brother Loy Brunson against this Court had merit, which it is submitted it does not, it would still not have any effect on the senior district judge now presiding over this case who has no personal responsibility for any action against this Court.

Finally, there is no authority cited by Plaintiff for remand to state court based on the grounds described above asserted by Plaintiff, and the undersigned counsel for the United States is not aware of any such authority. To the contrary, even if Plaintiff's conflict of interest claims had any merit, remand would not be warranted because the Tenth Circuit and the Supreme Court have cautioned that "[i]n the context of the federal officer removal statute . . . 'the right of removal is absolute for conduct performed under the color of federal office. . . .'" *Christensen v. Ward*, 916 F.2d 1462, 1483–84 (10th Cir. 1990) (*cert. denied* 111 S. Ct. 559) (quoting *Arizona v. Manypenny*, 451 U.S. 232, 242 (1981)).  That is because "[t]he primary purpose for the removal statute is to assure that defenses of official immunity applicable to federal officers are litigated in federal court." *Christensen*, 916 F.2d at 1484 (quoting *Willingham v. Morgan*, 395 U.S. 402, 406–07 (1969)).

Accordingly, Plaintiff's first argument for remand may be dismissed.

## II. Removal Under Section 1442 is Not Subject to the Section 1441 Restrictions.

All of the restrictions cited by Plaintiff about removal and remand apply only to removals made under 28 U.S.C. § 1441, which concerns cases where the federal district courts would have had original federal question jurisdiction arising under 28 U.S.C. § 1331. As Plaintiff can tell from the Notice of Removal sent to him as ECF No. 2, the removal of this case was made pursuant to the entirely separate and alternative removal basis provided by 28 U.S.C. § 1442(a)(1) and 1442(a)(4) concerning cases against federal officials and members of Congress sued in their official capacities, as was the case here. This is not a federal question case arising under 28 U.S.C. § 1331, and section 1441 has no application to this case. The doctrine of derivative jurisdiction applies here, as explained in the motion to dismiss this action. ECF No. 3 at 7-8. A court always has the ability to declare whether or not it has jurisdiction of a case. *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1093 (10th Cir. 2005) (holding that "federal courts always have jurisdiction to consider their own jurisdiction"). Since both the state court and even this federal court lack original subject matter and personal jurisdiction of the claims asserted here for all of the reasons outlined in the motion to dismiss filed as ECF No. 3, this Court may determine that lack of jurisdiction and dismiss this case and Plaintiff's arguments about the supposed need and basis for remand fail.

Nor does the language of 28 U.S.C. § 1447(c) concerning required remand when the federal district court finds it has no jurisdiction apply here to this case involving derivative jurisdiction where the state court also lacked jurisdiction, given the expanded removal authority of section 1442, most recently expanded and clarified as recently as 2011. *See BP P.L.C. v. Mayor and City*

*Council of Baltimore*, 141 S. Ct. 1532, 1536-37 (2021); *Cromar v. United States*, 816 F. App'x 235, 239 (10th Cir. 2020) (unpublished) ("The United States need not prove its entitlement to sovereign immunity twice. We decline to waste judicial resources by requiring the district court to remand the case to state court, which would inevitably apply sovereign immunity and dismiss for lack of subject-matter jurisdiction.").

## CONCLUSION

For all of the reasons noted above, this action should not be remanded to state court.

Respectfully Submitted this 23rd day of August, 2021.

        ANDREA T. MARTINEZ
        Acting United States Attorney

        */s/ John K. Mangum*
        JOHN K. MANGUM
        Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of the United States Attorney's Office, and that the foregoing **MEMORANDUM OPPOSING MOTION TO REMAND** was e-filed with the Court this 23rd day of August 2021 via the Court's electronic software, and Plaintiff is being notified of this filing this same day by email to his email address below, as well as by first class mail, postage prepaid:

    Raland J Brunson    thedreamofthecentury@gmail.com
    4287 South Harrison Blvd., Apt. #132
    Ogden, Utah 84403

                              */s/ Amber Quintana*