FILED
2021 AUG 30 AM 11:23
CLERK
U.S. DISTRICT COURT

**Raland J Brunson**
**4287 South Harrison Blvd., Apt 132**
**Ogden, Utah 84403**
**Phone: 385-492-4898**
**Email: thedreamofthecentury@gmail.com**
**Pro Se**

**THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH**

| | |
|---|---|
| RALAND J BRUNSON, | **REPLY TO MEMORANDUM OPPOSING MOTION TO REMAND** |
| Plaintiff, | |
| vs. | Case No. 1:21-cv-00111-CMR |
| ALMA S. ADAMS ; et al., | |
| Defendants. | Judge: Bruce S. Jenkins |

Plaintiff Raland J Brunson ("Brunson") pursuant to DUCivR 7-1 hereby moves this court with his *Reply To Memorandum Opposing Motion To Remand* and states:

### INTRODUCTION

Defendants opposing motion does not satisfy the legal requirements to sustain a removal as outlined in Plaintiff's motion, nor did Defendants overcome Plaintiff's conflict of interests and biased claims against Defendants, and Defendants motion was riddled with guess work, speculation, imagination, supposition, surmise and conjecture on top of it being frivolous, and it proves that they removed this case in violation of Rule 11.

Furthermore, Defendants went on to falsely proclaim that; 1), Brunson's claim of a violation of his rights is just a claim of being dissatisfied with the election results, and 2) Brunson's claim of <u>allowing</u> Trump to be inaugurated are interpreting this as a request that Trump immediately be inaugurated. Defendants also brought forward some of Brunson's claims

while omitting the factual evidenced in support of his claims in order to falsely discredit Brunson, and then council for Defendants ("Attorneys") falsely claimed that they represent the United States in this action when the United States is not a party to this action.

## ARGUMENT

### AS A MATTER OF LAW THIS CASE MUST BE REMANDED BACK TO STATE COURT

**I. Biased and conflict of interest claims.**

On or about April 6, 2021, Plaintiff's brother Loy Arlan Brunson filed a complaint: Loy Arlan Brunson v. Adams, et al., case no. 2:21-cv-175-RJS-CMR ("Loy's Case"). On March 24, 2021 the docket of Loy's Case (ECF 5) showed that this complaint was to be served on all the Defendants. After about 44 Defendants were served, on March 31, 2021 this Court recalled the service (ECF 18 of Loy's Case), and then on or about April 1, 2021 (ECF 20 of Loy's Case) this Court stated "The summonses issued on 3/31/2021 were issued in error as the court found the plaintiff's complaint deficient. Per instructions from the assigned judges' chambers, the entries were stricken. The clerks' office will issue any summonses requested if allowed by an order accepting the second amended complaint required by Judge Romero's order #15, if filed"

ECF 24 of Loy's Case shows that a leave to file a 3rd amended complaint was filed and this Court admitted in another case that ". . . Chief Judge Shelby and Magistrate Judge Romero of this Court, who thus far have unilaterally refused to accept that proposed complaint for filing or service or to allow service of any prior version of the same proposed complaint . . .[1]" Brunson's complaint is the same as this proposed complaint that the Honorable Chief Judge Shelby and Magistrate Judge Romero have unilaterally refused any version for filing and service.

---

[1] Civil No. 1:21-cv-00111-CMR (ECF 3 pg 3) of this Court.

2

Defendants are attempting to hide any biased nature of this Court by altering this evidentiary fact as stated above, which is fraud upon the court and a violation of Rule 11. They do this by stating that they have had no ex parte communications with the judges of this Court and that there have only been minimal communications exclusively through emails with only the head clerk of this Court, and then they contradict this claim by making the statement that the Honorable Shelby is too busy with administrative tasks and has not the authority to require other Judges of this Court to rule as he would if they see the same issue differently, and that it only makes great sense that the Honorable Shelby and Romero "would take the needed time amidst a host of other cases they must address to research carefully reflect on whether such jurisdictional bars are present . .". *See* pages 3 & 4 of their said opposition.

How did the Attorneys know this if there wasn't some form of communications going on between them and the Honorable Shelby? Or did they just make this up, guess work, imagination ""A reasonable inference, however, `may not be based on suspicion alone, or on imagination, speculation, supposition, surmise, conjecture, or guess work. [¶] ... A finding of fact must be an inference drawn from evidence rather than ... a mere speculation as to probabilities without evidence.'" (*People* v. *Morris* (1988) 46 Cal.3d 1, 21 [249 Cal. Rptr. 119, 756 P.2d 843].)" *People v. Raley*, 830 P. 2d 712.

"Rule 11 allows the court to impose sanctions on attorneys who make false representations to the court." *Drew . Lee*, 2011 UT 15 250 P.3d 48 @ ¶ 29. The appeals court have ". . . explained that attorneys have a duty "to seek the truth and to do justice" and that "[i]t runs contrary to this purpose and casts an unfavorable reflection upon the integrity of the court [for attorneys to do otherwise]. . ." (Second brackets added) *Pioneer Builders Co. Of Nev. v. K D A Corp.*, 2012 Ut 74 292 P.3d 672.

3

In addition to his, the Attorneys skirt around representing the Defendants by declaring that they represent the " . . United States to the Executive Branch officials sued in their official capacities in this case . . ."

The United States is not a party to this action, the offices of the President and Vice President of the United States sit under the Executive Branch of Government and the U.S. Congress sit under the Legislative Branch of Government. The Attorneys have no idea who they are representing and as such are incapable of making a truthful claim that this Court is not biased and that there is no conflict of interest between themselves and this Court. In addition, the mere fact that they could claim every single Judge, clerks and every employee of this Court on their initial disclosures as witnesses proves they have conflict of interest and that this Court is biased. This is impossible to by-pass.

The only way for this Court to avoid being Biased and avoid any conflict of interest, this case must be remanded back to State Court.

## II. Remand is proper as a matter of law.

Defendants lean on the case of *Christensen v. Ward*, 916 F.2d 1462, 1483–84 (10th Cir. 1990) in declaring that the right of removal is absolute for a conduct performed under the color of federal office, but the same case law also states that this does not apply if the United States is not named as a Defendant, which in this case it is not. It " . . . is not wholly dispositive of the government's ability to remove a case in which federal officers and not the United States are named as defendants in the complaint . . ." This case also stated "As the government contends, an action against a defendant personally shall be construed as an action against the United States, if the relief sought affects the actions of the defendant in his capacity as a federal employee. *See*

*Dugan v. Rank,* 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1963); *Jackman v. D'Agostino,* 669 F.Supp. 43, 46 (D.Conn.1987)."

None of the Defendants are being sued personally, so this action cannot be construed as an action against the United States. "We must yet deal with the holding of the Court of Appeals that the suit against these officials is not one against the United States." <u>*Dugan v. Rank*</u>, 372 US 609. The Defendants herein are sued in their official capacities, but whom have breached their official capacities when they became guilty of the torts alleged against them in this case, all of which were not commissioned by the United States, therefore as another reason, this suit cannot be construed to include the United States as a Defendant.

Defendants pursue another failed argument in regards to their citing of 28 U.S.C. § 1442(a)(1) and 1442(a)(4) which reads. "(a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following *may* be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:" (Underline and italics added) This code is not absolute as noted by the word "may".

Under the word "may" it allows all of the citations on removal and remand cited by Brunson in his removal motion. They are controlling which Defendant did not overcome.

<u>Defendants also admit that their removal is NOT based upon any federal question!</u>

Defendants once again pursue another failed argument by grasping at their federal jurisdictional arguments which do not favor them at all, rather it favors remand. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(c).

In addition, Defendants federal jurisdictional argument is self conclusory, they claim that this court lacks jurisdiction over original, subject matter, and personal, all because they say so, which is a failed and inadequately briefed argument. "An adequately briefed argument must provide meaningful legal analysis. A brief must go beyond providing conclusory statements and fully identify, analyze, and cite its legal arguments. This analysis requires not just bald citation to authority but development of that authority and reasoned analysis based on that authority." *See Carlsen v. Bd. Of Adjustment Of Smithfield*, 2012 UT App 260 287 P.3d 440.

In addition, ECF 15 of Loy's Case stated that " . . . Plaintiff must, **within thirty days of the date of this Order**, cure the deficiency in the Amended Complaint and comply with Rule 8 . . ." The only deficiency found by Honorable Judge Romero was under Rule 8. This answers Defendants' claim of this Court being alert to federal jurisdiction claims.

Brunson's Complaint is identical to the 3rd Amended Complaint found in Loy's Case that was submitted with a proposed leave of order upon which this Court unilaterally refused the filing and service.

Furthermore, it is also well-settled under case law that the burden is on the party seeking to preserve the district court's removal jurisdiction (Defendants), not the party moving for remand to state court (here, Plaintiff), to show that the requirements for removal have been met[2] Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The removal statute is strictly construed against removal and the burden of establishing federal jurisdiction falls to the party invoking the statute. Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988).

---

[2] *See, e.g.,* Sanchez v. Monumental Life Ins. Co., 102 F.3d 398 (9th Cir. 1996); Duncan v. Stuetzle, 76 F.3d 1480 (9th Cir. 1996); Office of Hawai'ian Affairs v. Department of Educ., 951 F.Supp. 1484 (D. Haw. 1997); Schwartz v. FHP International Corp., 947 F.Supp. 1354 (D. Ariz.1996); Lavadenz de Estenssoro v. American Jet, S.A., 944 F.Supp. 813 (D. Cal.1996).

When there is doubt as to the right to removal in the first instance, ambiguities are to be construed against removal. Samuel v. Langham, 780 F.Supp. 424, 427 (N.D.Tex.1992); *see also,* Fellhauer v. Geneva, 673 F.Supp. 1445, 1447 (N.D.Ill.1987). "The district court, in a challenged case, may retain jurisdiction only where its authority to do so is clear." Gorman v. Abbott Laboratories, 629 F.Supp. 1196, 1203 (D.R.I.1986). "The removing party bears the burden of showing that removal was proper." Medical College of Wisconsin Faculty Physicians & Surgeons v. Pitsch, 776 F.Supp. 437, 439 (E.D.Wis.1991). "This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute." Albonetti v. GAF Corporation-Chemical Group, 520 F.Supp. 825, 827 (S.D.Tex.1981).

Defendants have failed with their burden to prove that removal was proper.

Defendants are willy-nilly grabbing at anything to sustain their removal. For one example they act like the United States is a party to this action and that they themselves have not been served with Brunson's summons and Complaint, and that to do so would require this Court to extend the necessary expense of federal resources to have the sum of "nearly four hundred" Defendants served by the U. S. Marshalls Service.

In the middle of Defendants willy-nilly game, the Attorneys have admitted that all the Defendants have been properly served Brunson's Complaint, which did not incur the expense of the U.S. Marshalls Service. We know this to be true because the procedural requirements for removal under 28 USC § 1446 are strictly enforced. These requirements include, *inter alia,* the unanimity requirement of joinder by all defendants, and the signature requirement created by express incorporation into § 1446 of FRCP 11. This unanimity requirement is based on 28 U.S.C. § 1441(a) which provides that "the defendant or the defendants" may remove the case.

The courts have read these words to mean that if there is more than one defendant, then the defendants must act collectively and unanimously to remove the case. *See, e.g.* Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir. 1986) ("All defendants must join in a removal petition with the exception of nominal parties. 28 U.S.C. § 1446(b)"). In Hewitt, this meant that both the police officer and his former employer, The City of Stanton, had to be named. Counsel's argument that the City was just a nominal party was rejected and CR 11 sanctions were upheld. The incorporation of CR 11 into the removal statute emphasizes the requirement that each party be bound by its counsel of record. The full inclusion of the Smith court's analysis is too lengthy and the deletion of the rich body of supporting authority has been necessary, but key language provides:

> As a general rule, all defendants must join in a removal petition in order to effect removal. [Citations omitted.] ... [T]the case law firmly establishes this requirement, which is known as the "rule of unanimity." [Citations omitted.] Although it is not necessary that all defendants sign the notice of removal, **each defendant who has been served** must at least *communicate its consent to the court* no later than thirty days from the day on which the first defendant was served. 28 U.S.C. § 1446(b); Getty Oil Corporation v. Insurance Company of North America, 841 F.2d 1254, 1262-63 (5th Cir.1988)....
>
> *[T]he reference in the statute to "a notice of removal signed pursuant to Rule 11," 28 USC § 1446(a), suggests that a defendant's communication of his or her consent to removal must be in a writing signed by that defendant or by his or her attorney.* Creekmore *[v. Food Lion, Inc.,* 797 F.Supp. 505, 508 (E.D.Va.1992)] Fed.R.Civ.P. 11. *The Fifth Circuit Court of Appeals has held that there must be a timely filed written indication from each served defendant, or from some person purporting to formally act on his/her behalf and with the authority to do so, that he/she has actually consented to removal.* Getty Oil, 841 F.2d at 1262 n. 11. ....
>
> **"[T]he mere assertion in a removal petition that all defendants consent to removal fails to constitute a sufficient joinder."**
>
> Production Stamping, 829 F.Supp. at 1076. In Production Stamping, *there was no allegation in the notice of removal that the filing defendant or its attorney had been authorized by the co-defendant to speak on its behalf on the removal issue.*

> ***In granting the plaintiff's motion to remand, the court noted that requiring each defendant to formally and explicitly consent to removal is sound policy, and prevents one defendant from choosing a forum for all.*** Production Stamping, 829 F.Supp. at 1076 [Citation omitted].... "To allow one party, through counsel, to bind or represent the position of other parties without their express consent to be so bound would have serious adverse repercussions, not only in removal situations but in any incident of litigation." Creekmore, 797 F.Supp. at 509. One of the primary reasons that separate parties have separate counsel is so that each can independently present their position to the court. Id., at n. 9. ***Requiring an independent statement of consent from each defendant ensures that the Court has a clear and unequivocal basis for subject matter jurisdiction before taking the serious step of wrestling jurisdiction from another sovereign....*** Id. at 1077. ***Furthermore, Fed.R.Civ.P. 11 does not authorize one party to make representations or file pleadings on behalf of another. Rather, Rule 11 requires that each pleading, motion or other paper submitted to the court be signed by the party or its attorney of record, if represented.*** Creekmore, 797 F.Supp. at 508. ....
>
> ***The error here is substantive, not merely mechanical.*** United's failure to join in or consent to removal renders the Notice of Removal procedurally defective. Union National's Notice of Removal does not constitute an independent and unambiguous joinder or consent by United. ***Having failed to communicate its joinder or consent to the Court during the 30-day period, United cannot now show the Court that it authorized its attorney to file a joinder on its behalf.*** ....
>
> As the district court in Production Stamping [ v. Maryland Casualty Co., 829 F.Supp. 1074 (E.D.Wis.1993)], held: [T]he view that technical flaws in a removal petition "can be swept away like so much dust seriously misunderstands the conditions under which the formidable power of the federal judiciary can—and should--be invoked." [Citation omitted.] These considerations are certainly more substantive than the simplistic notion that procedural flaws should be overlooked merely because they are procedural. Production Stamping, 829 F.Supp. at 1077-78. [Bold italics added for emphasis.]

John K. Mangum as Civil Chief of the U.S. Attorney's office, would not make the serious mistake of exposing himself to Rule 11 sanctions, that could get him disbarred for failing to get all the Defendants permission **after they have been served** to remove this case from State Court, and what are the consequences for falsely misrepresenting members of the U.S. Congress and the Vice President and President of the U.S. for removal before they have been served and without

their permission? Therefore all the Defendants of this case have accepted Brunson's summons and Complaint and are now properly being represented by their Attorneys.

## CONCLUSION

WHEREFOR, for the reasons stated above, as a matter of law this case must be remanded back to State Court. Furthermore, the only way for this Court to avoid being biased and sharing in a conflict of interest is for this case to be remanded back to State Court.

Humbly submitted this the 30th day of August, 2021.

_____
Raland J Brunson, Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of August, 2021 I personally placed in the United States Mail to the individuals named below low a true and correct copy of **REPLY TO MEMORANDUM OPPOSING MOTION TO REMAND.**

ANDREA T. MARTINEZ
JOHN K. MANGUM
111 South Main Street, #1800
Salt Lake City, Utah 84111

_____
Raland Brunson

10