FILED
2021 OCT 19 AM 11:41
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| RALAND J. BRUNSON,<br><br>Plaintiff,<br><br>v.<br><br>ALMA S. ADAMS, et al.,<br><br>Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 1:21-CV-00111-JNP-JCB<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Jared C. Bennett |

District Judge Jill N. Parrish referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court is Plaintiff Raland J. Brunson's ("Mr. Brunson") Motion to Remand.[2] For the following reasons, the court respectfully recommends that Mr. Brunson's Motion to Remand be denied.

## BACKGROUND

Mr. Brunson, appearing pro se, challenges the removal of his case to federal court. Mr. Brunson commenced this action on June 21, 2021, in the Second District Court of the State of Utah against 129 members of the United States House of Representatives, 94 United States Senators, President Biden, Vice President Harris, and former Vice President Pence (collectively

---

[1] ECF No. 16.

[2] ECF No. 5.

1

"Defendants"). In general terms, Mr. Brunson's Complaint seeks redress for the violation of his "constitutional protected right to participate in an honest and fair election."[3]

Mr. Brunson's claims are based on, inter alia, the United States Constitution and Defendants' sworn oaths of office to "support and defend the Constitution of the United States against all enemies, foreign and domestic."[4] Mr. Brunson alleges that Defendants violated the Constitution and their respective oaths by intentionally refusing to ensure an honest and fair election.[5] Additionally, and more specifically, Mr. Brunson asserts that members of Congress are obligated to "reject[ ] electoral college vote submissions from States whose electoral systems are so badly flawed as to render their vote submissions unreliable, untrustworthy, and unworthy of acceptance."[6] Mr. Brunson claims that despite this obligation, during the January 6, 2021 proceedings to count electoral college votes, Defendants "knowingly mocked their oaths," and became "enemies of the U.S. Constitution … they swore to protect" by "allowing fraudulent votes to be counted."[7]

According to Mr. Brunson, the 2020 Presidential election was "rigged in every single State," and despite evidence of voter and election fraud, Defendants "intentionally refused to investigate the evidence and conspired to cover up the evidence."[8] Mr. Brunson argues that

---

[3] ECF No. 2-1 ¶ 66.

[4] *Id.* ¶ 10. *See generally id.* ¶¶ 9-23.

[5] *Id.* ¶¶ 32, 66.

[6] *Id.* ¶ 54.

[7] *Id.* ¶ 62.

[8] *Id.* ¶¶ 43, 55, 57.

Defendants' conduct constituted "an attack against the U.S. Constitution" that resulted in the fraudulent inauguration of President Biden and Vice President Harris.[9]

Mr. Brunson's requested relief includes, among other things, the immediate removal of Defendants from office, an order that "former President Trump immediately be allowed to be inaugurated President," and money damages in the amount of $2.905 billion dollars, tax free.[10]

On August 5, 2021, the United States Attorney for the District of Utah, as counsel for Defendants, filed a notice of removal in this court.[11] The notice relies on 28 U.S.C. §§1442(a)(1) and 1442(a)(4), which authorize the removal of a civil action commenced in a state court against "[a]ny officer of the United States . . . for or relating to any act under color of such office."[12]

On August 9, 2020, Mr. Brunson filed a motion to remand the action to state court. Mr. Brunson argues that remand is required because: (1) his claims do not depend on federal law, and under the well-pleaded complaint rule, federal defenses do not provide a basis for removal; and (2) the federal court is biased against him.[13]

As explained in detail below, Defendants' removal of this state court action under 28 U.S.C. § 1442(a) was proper.

---

[9] *Id.* ¶¶ 31, 32, 55.

[10] *Id.* ¶¶ 134, 174-75. *See generally id.* ¶¶ 126-76.

[11] ECF No. 2 at 1.

[12] 28 U.S.C. § 1442(a)(1). Sub-section 1442(a)(4) specifically provides for the removal of an action against "[a]ny officer of either House of Congress, for or relating to any act in the discharge of his official duty."

[13] ECF No. 5 at 5 (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398-99 (1987)).

**DISCUSSION**

Section 1442, commonly referred to as the "federal officer removal statute," authorizes the removal to federal court of any "civil action or criminal prosecution" commenced in a state court against "any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office."[14] Section 1442(a) is an exception to the well-pleaded complaint rule, allowing for the removal of a civil action commenced in state court regardless of whether a federal question appears on the face of the complaint.[15]

The intended purpose of section 1442(a) is to protect the government from having to litigate immunity defenses "in hostile state courts."[16] Therefore, unlike the general removal statute (i.e., 28 U.S.C. § 1441)—which must be strictly construed in favor of remand—section 1442(a) is liberally construed in favor of granting federal officers and members of Congress access to a federal forum to litigate the merits of defenses arising from their official duties.[17]

---

[14] 28 U.S.C. § 1442(a)(1); *see also* 28 U.S.C. § 1442(a)(1)(4) (expressly extending federal officer removal to members of Congress).

[15] *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 431 (1999).

[16] *Willingham v. Morgan*, 395 U.S. 402, 405 (1969); H. R. REP. 104-798, at 20 (1996) (stating that § 1442(a) "fulfills Congress' intent that questions concerning the exercise of federal authority, the scope of federal immunity and federal-state conflicts be adjudicated in federal court.  It also clarifies that suits against … federal officers sued in either an individual or official capacity, may be removed to federal district court").

[17] *Watson v. Philip Morris Co., Inc.*, 551 U.S. 142, 147 (2007); *see also Cnty. Bd. of Arlington Cnty. v. Express Scripts Pharmacy, Inc.*, 996 F.3d 243, 251 (4th Cir. 2021) (providing that "the ordinary 'presumption against removal' does not apply" (quoting *Betzner v. Boeing Co.,* 910 F.3d 1010, 1014 (7th Cir. 2018))).

Indeed, the United States Supreme Court has cautioned that the liberal policy in favor of federal officer removal "should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1)."[18]

To establish removal under section 1442(a) a defendant must show: (1) that the defendant is a federal officer; (2) that the charged conduct was carried out for or in relation to the defendant's asserted official authority; and (3) that the defendant has a "colorable federal defense."[19] The Supreme Court has clarified that if a defendant meets these requirements, the "right of removal is absolute."[20] As shown in order below, Defendants satisfy the prerequisites for removal under section 1442(a).[21]

First, there can be no question that Defendants are federal officers. Mr. Brunson's complaint names 129 members of the United States House of Representatives, 94 United States Senators, President Biden, Vice President Harris, and former Vice President Pence.[22] Defendants

---

[18] *Willingham*, 395 U.S. at 407.

[19] *Acker*, 527 U.S. at 431.

[20] *Arizona v. Manypenny*, 451 U.S. 232, 242 (1981) (discussing removal under §1442(a)(1) for a federal official and stating that "removal is absolute for conduct performed under color of federal office" (citing *Willingham*, 395 U.S. at 407)).

[21] In his Reply, Mr. Brunson suggests that the notice of removal was defective and/or fraudulent because Defendants did not act "collectively and unanimously" in removing the case as required by 28 U.S.C. § 1446. ECF No. 12 at 8. Mr. Brunson is incorrect. "Section 1442 is an exception to the general rule that all defendants must join in a notice of removal." *Torres v. CBS News*, 854 F. Supp. 245, 246 n.2 (S.D.N.Y. 1994) (citing *Ely Valley Mines v. Hartford Accident & Indem. Co.*, 644 F.2d 1310, 1314-15 (9th Cir. 1981); *Bradford v. Harding*, 284 F.2d 307, 310 (2d Cir. 1960)). In fact, when a federal officer removes a case under § 1442, "'the entire case against all defendants, federal and non-federal, is removed to a federal court regardless of the wishes of his co-defendants.'" *Id.* (quoting *Arango v. Guzman Travel Advisors Corp.*, 621 F.2d 1371, 1376 (5th Cir. 1980)). Thus, the numerous defendants in this action were not required to unanimously join in the notice of removal.

[22] ECF No. 2-1 at 1.

...

in this action consist entirely of high-level, federal executive branch officers and members of Congress. Such office holders cannot be any more "federal." Therefore, section 1442(a) applies.

Second, as required by statute, the suit against Defendants is "for or relating to" acts "under color of [federal] office."[23] The Supreme Court has characterized this requirement as a "causal connection between the charged conduct and the asserted official authority."[24] Here, Mr. Brunson is suing Defendants for actions they took, or failed to take, in their capacities as federal officers and members of Congress, carrying out their respective functions and duties in relation to the 2020 presidential election.[25] Therefore, there is a sufficient connection or association between Defendants' alleged conduct and Defendants' official federal authority.

Third, Defendants have a colorable federal defense to Mr. Brunson's claims. A "colorable federal defense" is merely an arguable defense and a court need not determine at the removal stage whether that defense will succeed at trial.[26] In other words, for purposes of federal officer removal, "[t]he question is not whether a defendant's claimed defense is meritorious, but only whether a colorable claim to such a defense has been made."[27] Defendants'

---

[23] *Acker*, 527 U.S. at 431. Congress amended § 1442(a)(1) in 2011, adding the words "or relating to," in order to expand the statute to encompass actions "for or relating to" any act under color of federal office. *Papp v. Fore-Kast Sales Co.*, 842 F.3d 805, 813 (3d Cir. 2016). This new language "broaden[ed] the universe of acts" that enable federal removal such that there need be only "'a connection or association between the act in question and the federal office.'" *Id.* at 813 (quoting *In re Commonwealth's Motion to Appoint Counsel Against or Directed to Defender Assoc.*, 790 F.3d 457, 471 (3d Cir. 2015)).

[24] *Acker*, 527 U.S. at 431.

[25] ECF No. 2-1 ¶¶ 9-19, 31-34, 38-58, 62 & 66.

[26] *Kircher v. Putnam Funds Trust,* 547 U.S. 633, 644 n.12 (2006) (citing *Acker*, 527 U.S. at 431).

[27] *Mesa v. California*, 489 U.S. 121, 133 (1989).

pending motion to dismiss asserts numerous defenses to Mr. Brunson's Complaint. These defenses include, but are not limited to, sovereign immunity.[28] "[Section] 1442(a)(1) was intended to protect just such a defense."[29] In fact, "[t]he primary purpose for the removal statute is to assure that defenses of official immunity applicable to federal officers are litigated in federal court."[30] Accordingly, Defendants' asserted defense of sovereign immunity, among others, satisfies the colorable federal defense requirement.[31]

## CONCLUSION

For these reasons, Defendants satisfy the requirements for removal under § 1442(a). Defendants are federal officers and members of Congress who are being sued for actions performed in their respective positions under color of federal office. Because Defendants have colorable federal defenses to Mr. Brunson's claims, including sovereign immunity, Defendants' right to removal under 28 U.S.C. § 1442(a) is absolute. Therefore, the court recommends that Mr. Brunson's Motion to Remand be DENIED.[32]

---

[28] ECF No. 3 at 4-16. *See, e.g., Rockefeller v. Bingaman*, 234 F. App'x 852, 855 (10th Cir. 2007) (providing that sovereign immunity "forecloses … claims against the House of Representatives and Senate as institutions, as well as Members "acting in their official capacities"); *Judicial Watch, Inc. v. Schiff*, 474 F. Supp. 3d 305, 310 (D.D.C. 2020).

[29] *Cromar v. United States*, 816 F. App'x 235, 238 (10th Cir. 2020).

[30] *Christensen v. Ward*, 916 F.2d 1462, 1484 (10th Cir. 1990).

[31] *Carter v. United States*, 2020 WL 3883653, at *4 (E.D. Va. July 9, 2020) ("The defense of sovereign immunity satisfies this prerequisite." (citing *Mesa*, 489 U.S. at 133)).

[32] Mr. Brunson's additional arguments that remand is required because the federal court is biased against him, and the United States Attorney's Office has a conflict of interest, are unfounded and do not provide a basis for remand. The procedural posture of an entirely independent lawsuit filed by Mr. Brunson's brother, pending before a different federal judge, fails to show that this court is biased against Mr. Brunson in this case. Additionally, the court is not aware of anything

\* \* \* \* \*

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[33] The parties must file any objection to this Report and Recommendation within 14 days after being served with a copy of it.[34] Failure to object may constitute waiver of objections upon subsequent review.

DATED October 19, 2021.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge

---

in the record or otherwise to support Mr. Brunson's claim of bias. Finally, and significantly, as previously explained, the right to removal in this case is absolute. *Manypenny*, 451 U.S. at 242. The Supremacy Clause (i.e., Article VI) of the Constitution means something as any lover of the Constitution would have to acknowledge. Congress enacted section 1442(a) to ensure that cases against federal officers were heard in federal court. Because Congress enacted section 1442, the Supremacy Clauses makes it the supreme law of the land. Given Mr. Brunson's desire to protect the Constitution, he cannot reasonably begrudge the Supremacy Clause's application here.

[33] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

[34] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).