FILED
2021 DEC 13 AM 11:52
CLERK
U.S. DISTRICT COURT

**Raland J Brunson**

4287 South Harrison Blvd., Apt 132
Ogden, Utah 84403
Phone:  385-492-4898
Email: thedreamofthecentury@gmail.com
Pro Se

THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| RALAND J BRUNSON, <br><br> Plaintiff, <br><br> vs. <br><br> ALMA S. ADAMS ; et al., <br><br> Defendants. | **OPPOSITION TO MOTION TO DISMISS FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM FOR RELIEF** <br><br> Case No. 1:21-cv-00111-CMR <br><br> Judge:  Jill N. Parish <br> Magistrate Judge: Jared C. Bennett |

Plaintiff Raland J Brunson ("Brunson") hereby moves this court with his *Opposition To Motion To Dismiss For Lack Of Jurisdiction And Failure To State A Claim For Relief* and states:

As the Supreme Court explained in *Bell Atl. Corp. v. Twombly*, Plaintiff's Complaint need not contain detailed factual allegations, but it must plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955 (2007).  And those allegations must be sufficient to create more than a speculative right to relief – a claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555.  Here, Plaintiff must be required to frame a complaint with enough "factual matter" to show that he is entitled to relief against Defendant and to "nudge [his] claims across the line from conceivable to plausible." *Ashcroft v. Iqbal*, 129

S.Ct. 1937 (2009) The policy behind this plausibility standard is to expose defects in a case early in the process, "at the point of minimum expenditure of time and money by the parties and the court." *Id.* at *Bell*.

"A rule 12b(6) motion to dismiss admits the facts alleged in the complaint but challenges the plaintiff's right to relief based upon those facts." *St. Benedict's Development Co. v. St. Benedict's Hosp.*, 811 P.2d 194, 1`96 (Utah 1991) (citing 61 A Am.Jur.2d *Pleading* § 227 (1981)). "Rule 12(b)(6) concerns the sufficiency of the pleadings, not the underlying merits of a particular case," *Alvarez v. Galetka*, 933 P.2d 987, 989 (Utah 1997), and does not serve to establish the facts or resolve the merits of a case, *Whipple v. Am. Fork Irrigation Co.*, 910 P.2d 1218, 1220 (Utah 1996). The sufficiency of a complaint "must be determined by the facts pleaded rather than the conclusions stated." *Franco v. Church of Jesus Christ of Latter-Day Saints*. 2001 UT 25, ¶ 14, 65 P.3d 1184.

## SUBJECT MATTER JURISDICTION

Defendant's argue that this Court does not have subject matter jurisdiction which is misplaced at best based upon two doctrines; 1) fraud vitiates everything it touches, and 2) administrative functions are not protected by any kind of governmental immunity.

"Our courts have consistently held that fraud vitiates whatever it touches, *Morris v. House, 32 Tex. 492 (1870)*". *Estate of Stonecipher v. Estate of Butts*, 591 SW 2d 806. And ""It is a stern but just maxim of law that fraud vitiates everything into which it enters." *Veterans Service Club v. Sweeney, 252 S.W.2d 25, 27 (Ky.1952)*." *Radioshack Corp. v. ComSmart*, Inc., 222 SW 3d 256.

Vitiate; "To impair or make void; to destroy or annul, either completely or partially, the force and effect of an act or instrument." West's Encyclopedia of American Law, edition 2.

2

Brunson's fifth cause of action against Defendants is for fraud. And Paragraph 34 of Brunson's complaint alleges that "Fraud vitiates everything". Defendants under their sworn duty promised that they would protect Brunson's vote in the 2020 Presidential Election ("Election") which they fraudulently did not do as alleged in the Complaint.

On January 6, 2021, the 117th Congress held a proceeding and debate ("Proceeding"). This Proceeding was for the purpose of counting votes for the President and Vice President of the United States under Amendment XII. See ¶ 35 of the Complaint.

The Complaint alleges that during this Proceeding there was, from certain members of congress, a <u>strong plea to investigate the election.</u> This proceeding, including this plea to investigate the election was witnessed by the entire nation, because there were claims of fraud which included claims of over 1,000 affidavits detailing that the Election was rigged with fraud, and claims that there was massive foreign interference in the Election by helping illegal aliens, and other noncitizens vote in the Election, thereby canceling the votes. The Defendants intentional act to vote against this plea to investigate these claims of fraud threatened the Election from every single legal vote cast in the Election.

The Complaint alleges that Defendants voted against investigating these serious claims of a rigged Election. Defendants voted against investigating the claims that there are over 1,000 affidavits claiming voter fraud, and against investigating the claim that there was massive foreign interference in the Election by helping illegal aliens and non noncitizens to vote thereby canceling the legal votes, and Defendants voted against investigating claims made by the main stream news media who at relevant times almost on a daily basis discredited voter fraud allegations, and Defendants voted against investigating the social media giants who discredited

3

and silenced allegations of election and voter fraud, and Defendants voted against investigating many members of the Executive Branch of Government including State and Federal prosecuting attorneys who allegedly covered up voter fraud, and the Defendants voted against investigating members of the Judicial Branch of Government—Article III courts who allegedly covered up voter fraud. The Defendants voted against investigating all the allegations from many sources across this country in order to determine whether or not the Election was fair and that there were no criminal actions involved in the Election affecting the outcome of the Presidential Election. See Complaint at ¶ 57.

Defendant Steny H. Hoyer stated, "We, the Member of Congress, who swore an oath before God to preserve and protect the Constitution of the United States and our democracy, must do so now. See ¶ 61 of the Complaint.

The said serious allegation required Defendants to investigate the allegations under their sworn duty to protect Brunson's vote along with every single legal voter that voted in the Election. If there is ever a case where there is an enemy to the Constitution, whether it be foreign or abroad, the only way to determine if it is a threat it must be investigated. Members of Congress who did cry out for an investigation into whether or not there is an enemy attacking the Constitution requires the action of every oath bearing member of congress to execute their duty by conducting such investigation. The Proceeding provides proof that there were members of congress claiming that the Presidential Election was rigged in every single State of the United States of America giving Biden and Harris a fraudulent win. See ¶ 54 of the Complaint.

In the Proceeding, certain members of congress claimed that the said fraudulent win was accomplished by, but not limited to, the illegal changing of both state and federal election laws, the counting of fraudulent / illegal votes favoring Biden wherein the number of submitted ballots

4

exceeded the number of registered voters, and the voting machines fraudulently switched Trump votes to Biden.  See ¶ 56 of the Complaint.

Defendant's <u>voluntary</u> sworn duty as alleged in the Complaint is paramount and guards Defendants from committing any abuse of this duty by exposing them to consequences when they commit fraud. Their acts of fraud, as alleged in the Complaint, vitiates their claim of any kind of immunity.

What happened during the Proceeding was the intentional act of Defendants discrediting these claims of voter fraud without an investigation proving otherwise.  And as such the 12th Amendment cannot be construed to allow the discrediting of claims of voter fraud, otherwise it stands in direct conflict with their oaths of office.  Defendants cannot be sworn protectors and defenders of the U.S. Constitution and then be its enemy by discrediting claims of voter fraud as stated above, otherwise they would be giving aid and comfort to enemies of the United States Constitution.  See  ¶ 63 of the Complaint.

Furthermore, the 12th Amendment is not available for exercise under any acts of fraud, so what took place was not a 12th Amendment procedure, rather it was an administrative act to complete a possible rigged Election.

Defendants vote against investigating the Election aided and abetted an enemy at the gate− Election fraud. See ¶ 79 of the Complaint.

It is not in the capacity of any of the Defendants to vote against investigating the claims of a rigged Election, and as such they are not protected under any claims of immunity.

The Complaint alleges that Defendants vote to not investigate the claims of voter fraud during the Proceeding turned the 12th Amendment Proceeding into an administrative act to where

5

they committed their fraud. Again a 12th Amendment proceeding is not available under acts of fraud.

Governmental administrative acts are not afforded immunity. Under the case of *Forrester v. White*, 484 U.S. 219, 225, 108 S.Ct. 538, 543 it gives an example of how Governmental administrative functions are not warranted any kind of immunity. Forrester was suing a judge to where it was ruled that "judicial immunity should protect only adjudicative functions, and that employment decisions are administrative functions for which judges should not be given absolute immunity."

*Forrester* also stated that "Administrative decisions, even though they may be essential to the very functioning of the courts, have not similarly been regarded as judicial acts. . . . In the case before us, we think it clear that Judge White was acting in an administrative capacity when he demoted and discharged Forrester. Those acts — like many others involved in supervising court employees and overseeing the efficient operation of a court — may have been quite important in providing the necessary conditions of a sound adjudicative system. The decisions at issue, however, were not themselves judicial or adjudicative."

The Defendants when they committed their acts of fraud were not acting under their capacities under a 12th Amendment Proceeding, rather they turned the Proceeding into a fraudulent administrative act in order to disavow any claims of voter fraud that invariably completed the success of a possible rigged Election. Again, a 12th Amendment Proceeding is not available under acts of fraud.

For the said reasons, Defendants in this case have no immunity of any kind, therefore this Court has subject matter jurisdiction to hear this case.

6

**BRUNSON CAUSES OF ACTIONS MUST STAND**

On October 8, 2021, in case no. 2:21-cv-175 Loy Arlan Brunson's leave of court to file his Third Amended Complaint was granted (ECF 33). This moots Defendants argument that it wasn't allowed to be filed.

What does fraud vitiate in this case? To this question Defendants give no argument, instead they burden the Court with over 55 cases in their motion in support of their argument that Brunson failed to state a claim whereupon relief can be granted, and that Brunson has no standing, and that Defendants have sovereign immunity, and that Brunson did not establish compliance with any waiver of sovereign immunity, and that Brunson did not get any waiver for Constitutional claims, no waiver for promissory estoppels claims, no waiver for any tort claims, and that Brunson lacks Article III standing, and that Brunson's claims are barred by absolute legislative immunity, and that Brunson does not have personal jurisdiction over members of congress not from Utah.

Defendants do not touch or disturb the following irrefutable facts alleged in the Complaint;

1. The fact that Article IV Section IV of the U.S. Constitution states, "The United States shall guarantee to every State in this Union a Republican Form of Government." Voting is the greatest power an individual can exercise in a Republic; it is their voice and the way citizens protect their Constitutional rights and the U.S. Constitution. See ¶ 71 of the Complaint.

2. That an honest and fair election can only be supported by legal votes, this is sacred. It is the basis of our U.S. Republican Form of Government protected by the U.S. Constitution. The efforts made, as stated in the Complaint, that avoided an investigation of how Biden won the election, is an act of treason and an act of levying war against the U. S. Constitution which

7

violated Brunson's right to vote in an honest and fair election and as such it wrongfully invalidated his vote.

3. Acts of Congress, or case law like those cited in Defendant's motion cannot proceed or have merit when they support treason, acts of war or the violations of our inherent (God-given) rights. Complaint at ¶ 18 & 19.

4. The only laws Congress has the power to enact are those that protect our inherent rights. Complaint at ¶ 20.

5. The U.S. Constitution was written with honor, respect and recognition of our Lord Jesus Christ as memorialized in Article VII Clause 3 which states, " . . . in the Year of our Lord . . .", and as such the Defendants have sworn an allegiance to the author of our freedoms and liberties; our Lord Jesus Christ. Complaint at 23.

6. The founders of The U.S. Constitution expressed that this document, The U.S. Constitution was the very instrument set up by God to protect our God-given unalienable rights. Complaint at 28.

7. The plenary power of Amendment IX of the U.S. Constitution nullifies any kind of legal protection that an enemy against the U.S. Constitution claims to have. Complaint at 29.

8. The plenary power of Amendment IX nullifies any interpretation of Amendment XII that would keep Defendants from investigating the claims of voter fraud. Complaint at 30.

9. A rigged election is an attack against the U.S. Constitution especially against the equal protection clause of the 14th Amendment of the U.S. Constitution. Complaint at 31.

10. Despite the claims of evidence that the November 3, 2020 U.S. Presidential general election was fraudulent, affecting the President of the United States, the Vice President of the United States and members of the United States Congress, the Defendants intentionally voted

against investigating the claimed evidence and conspired to cover up the "evidence" to fraudulently have Joseph Robinette Biden Jr. ("Biden") inaugurated as President and Kamala Harris ("Harris") inaugurated as Vice President. Complaint at 32.

11. This act of conspiracy has the same end result as an act of war; to place into power whom the Defendants want, which in this case is Biden. Complaint at 33.

Defendants (Congress) would like this Court to believe that their vote against investigating the claims of fraud of a rigged Election does not vitiate their immunity claims because they created and voted for their own immunity claims.

Defendants promissory estoppel argument is misleading at best. Defendants, out of context cited a small fragment of the case of *Heartland Biogas, LLC* as though it supports their argument as an apparent attempt to mislead the Court when in fact the full context of the case supports Brunson's claims for promissory estoppel. The case states "Under Colorado law, "[t]he elements of a promissory estoppel claim are: (1) the promisor made a promise to the promisee; (2) the promisor should reasonably have expected that the promise would induce action or forbearance by the promise; (3) the promisee in fact reasonably relied on the promise to the promisee's detriment; and (4) the promise must be enforced to prevent injustice." Obviously Defendants have failed to show that Brunson's promissory estoppel claims are not proper when in fact they are.

## CONCLUSION

WHEREFORE, as clearly demonstrated above, all of Defendants' immunity claims fail as a matter of law, and Defendants' fail to demonstrate that Brunson's claims did not satisfy Rule 8. Therefore Defendants' motion must be dismissed with an order that Defendants are to answer the Complaint within 10 days.

Humbly submitted this the 13th day of December, 2021.


_____
Raland J Brunson
Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of December, 2021 I personally placed in the United States Mail to the individuals named below a true and correct copy of **OPPOSITION TO MOTION TO DISMISS FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM FOR RELIEF.**

ANDREA T. MARTINEZ
JOHN K. MANGUM
111 South Main Street, #1800
Salt Lake City, Utah 84111


_____
Raland Brunson