# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **RALAND J. BRUNSON,** | **REPORT AND RECOMMENDATION** |
| **Plaintiff,** | |
| v. | **Case No. 1:21-cv-00111-JNP-JCB** |
| **ALMA S. ADAMS, et al.,** | **District Judge Jill N. Parrish** |
| **Defendants.** | **Magistrate Judge Jared C. Bennett** |

District Judge Jill N. Parrish referred this case to Magistrate Judge Jared C. Bennett under

28 U.S.C. § 636(b)(1)(B).[1]  Before the court is Defendants'[2] motion to dismiss this action for

lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), or, in the alternative, to

dismiss the complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6).[3]  For the

reasons set forth below, the court respectfully recommends that this action be dismissed for lack

of subject matter jurisdiction.

---

[1] ECF No. 16.

[2] Defendants consist of 388 current or former federal officers which include: 291 members of the
United States House of Representatives, 94 Senators, President Biden, Vice President Harris, and
former Vice President Pence. ECF No. 2-1 at 1-3.

[3] ECF No. 3.

## BACKGROUND

Raland J. Brunson ("Mr. Brunson"), appearing pro se, commenced this action on June 21, 2021, in the Second District Court of the State of Utah against Defendants in their official capacities. Mr. Brunson seeks redress for the violation of his "constitutional[ly] protected right to participate in an honest and fair election."[4] His claims are based on, inter alia, the United States Constitution and Defendants' sworn oaths of office to "support and defend the Constitution of the United States against all enemies, foreign and domestic."[5] More specifically, Mr. Brunson alleges that Defendants violated their oaths of office and the Constitution by neither ensuring a fair election nor investigating claims that the Presidential election was "rigged" and "fraudulent" prior to accepting the electoral votes on January 6, 2021.[6] According to Mr. Brunson, "the plenary power of [the Ninth Amendment] of the U.S. Constitution nullifies any interpretation of [the Twelfth Amendment] that would allow Congress to accept and count fraudulent votes."[7] Mr. Brunson asserts that Defendants' conduct constituted "an attack against the U.S. Constitution" that resulted in the fraudulent inauguration of President Biden and Vice President Harris.[8]

Mr. Brunson's Complaint sets forth six causes of action that apply to all Defendants:

---

[4] ECF No. 2-1 ¶¶ 55, 57, 66.

[5] *Id.* ¶ 10. *See generally id.* ¶¶ 9-23.

[6] *Id.* ¶¶ 9-19, 31-34, 38-58, 62 & 66.

[7] *Id.* ¶¶ 29-31.

[8] *Id.* ¶¶ 31, 32, 55.

(1) Promissory estoppel – based on Defendants' failure to fulfill their respective oaths of office to ensure an honest and fair election; (2) Promissory estoppel – for giving "aid and comfort" to those whose sought to wrongfully invalidate Mr. Brunson's vote and his right to a fair election; (3) Breach of Duty – for failing to protect Mr. Brunson's right to vote in an honest and fair election; (4) Intentional infliction of emotional distress – because as a consequence of Defendants' wrongful conduct, Mr. Brunson now fears Defendants are "on a course" to destroy his liberties and violate other significant rights; (5) Fraud – based on Defendants' misrepresentations that they would protect his vote and voting rights; and (6) Civil conspiracy – because Defendants worked together to "skirt any kind of investigation into whether or not the election was indeed rigged."[9]

According to Mr. Brunson, Defendants' conduct has damaged him to the extent of $484 million for each of the six causes of action, for a total of $2.905 billion, which he requests be provided tax free.[10] Additionally, Mr. Brunson requests: (1) the immediate removal of all Defendants from office; (2) that they never be able to collect any further pay from the United States for their official service in Congress or as President or Vice President; (3) that they never be able to again practice law or again serve as an elected office-holder in this country; (4) that

---

[9] *Id.* at 15-23.

[10] *Id.* at 23-28.

they each be investigated for treason; and (5) that former president Trump be immediately inaugurated as President.[11]

Defendants filed a motion to dismiss the Complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[12] Defendants argue, alternatively, that this court lacks subject matter jurisdiction over Mr. Brunson's claims because the United States has not waived its sovereign immunity, and that Mr. Brunson has failed to state a claim on which relief can be granted because his claims fail to satisfy the plausibility requirement of Fed. R. Civ. P. 8. After careful consideration of the written briefs, relevant facts and law, the court concludes that this action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Because this court lacks jurisdiction, it does not discuss whether Mr. Brunson's claims should be dismissed under Fed. R. Civ. P. 12(b)(6).

## DISCUSSION

"Because the jurisdiction of the federal courts is limited, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof."[13] To establish jurisdiction, the asserting party "must 'allege in [its] pleading the facts essential to

---

[11] *Id.*

[12] ECF No. 3.

[13] *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005); *see also Kokkonen v. Guradian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (providing that the burden to establish jurisdiction rests upon the party asserting that jurisdiction exists).

show jurisdiction,' and 'must support [those facts] by competent proof.'"[14] Applying these

principles, the court finds that Mr. Brunson's claims should be dismissed because he cannot

satisfy his burden to show that subject matter jurisdiction exists. Specifically, Mr. Brunson has

failed to: (I) establish Article III or Prudential Standing and (II) that the United States has waived

its sovereign immunity for any of his causes of action.[15] Thus, this action should be dismissed.

## I.    Mr. Brunson Has Failed to Establish Standing

Although Defendants raise the issue in passing,[16] the court begins with the "threshold

inquiry of standing."[17] "The issue of Article III standing implicates federal jurisdiction."[18]

Thus, the court is required to consider standing, and may "consider the issue *sua sponte*" if

necessary, "to ensure there is an Article III case or controversy" before it.[19] Mr. Brunson, as

---

[14] *United States ex rel. Precision Co. v. Koch Indus., Inc.*, 971 F.2d 548, 551 (10th Cir. 1992)
(quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

[15] Generally, pro se pleadings should "be construed liberally and held to a less stringent standard
than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.
1991). However, it is not "the proper function of the district court to assume the role of advocate
for the pro se litigant," and even lay plaintiffs must satisfy the jurisdictional, procedural, and
factual standards for pleadings that apply to other litigants. *Id.*; *see also Ogden v. San Juan Cnty.*,
32 F.3d 452, 455 (10th Cir. 1994) (providing that pro se parties must comply with the same
requirements that govern all other litigants).

[16] ECF No. 3 at 9.

[17] *Santa Fe All. for Public Health & Safety v. City of Santa Fe*, 993 F.3d 802, 813 (10th Cir.
2021).

[18] *Id.* at 813 n.5; *Rector v. City and Cnty. of Denver*, 348 F.3d 935, 942 (2003).

[19] *Rector,* 348 F.3d at 942.

the party invoking the federal court's jurisdiction, bears the burden of establishing standing.[20] Mr. Brunson has failed to show that he has standing to bring his claims.

Article III of the Constitution limits the jurisdiction of the federal courts to the resolution of actual cases and controversies.[21] One component of the case-or-controversy requirement is standing.[22] "The doctrine of standing is an essential and unchanging part of the case-or-controversy requirement of Article III."[23] "Standing doctrine embraces several judicially self-imposed limits on the exercise of federal jurisdiction, such as the general prohibition on a litigant's raising another person's legal rights. . . ."[24] "The gist of the question of standing is whether the party seeking relief has alleged such a <u>personal stake</u> in the outcome of the controversy as to assure . . . concrete adverseness . . . ."[25] To prove this "personal stake" in the outcome of this action, Article III requires that Mr. Brunson's Complaint show, among other things, that he has suffered an "injury in fact" that was caused by Defendants.[26] "To

---

[20] *Id.*

[21] *See* U.S. Const. art. III, § 2.

[22] *Lance v. Coffman*, 549 U.S. 437, 439 (2007).

[23] *Comm. to Save the Rio Hondo v. Lucero*, 102 F.3d 445, 447 (10th Cir. 1996) (citation and quotations omitted).

[24] *Allen v. Wright*, 468 U.S. 737, 751 (1984).

[25] *United States v. Richardson,* 418 U.S. 166, 173 (1974) (emphasis added) (citations and quotations omitted).

[26] *Lucero*, 102 F.3d at 477.

establish an injury in fact, the plaintiff must show a distinct and palpable injury to [him]self. An abstract injury is not enough . . . ."[27] Indeed, the United States Supreme Court has "repeatedly held that an asserted right to have the Government act in accordance with law is not sufficient, standing alone, to confer jurisdiction on a federal court."[28] To determine whether Mr. Brunson has carried his burden to establish standing, the court engages in "careful judicial examination of a complaint's allegations"[29] on a "claim-by-claim basis."[30]

Mr. Brunson has failed to establish standing under Article III of the United States Constitution because all of his causes of action plead generalized claims of legislative nonfeasance arising out of the counting of electors' votes. Mr. Brunson's purported injury is precisely the type of undifferentiated and generalized grievance about the conduct of government that courts have declined to consider based on standing.[31] The United States Supreme Court has consistently held:

> A plaintiff raising only a generally available grievance about government – claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more

---

[27] *Ash Creek Mining Co. v. Lujan*, 969 F.2d 868, 875 (10th Cir. 1992) (citations, quotations, and modifications omitted).

[28] *Allen*, 468 U.S. at 754.

[29] *Id.* at 752.

[30] *Santa Fe All. for Public Health & Safety*, 993 F.3d at 813.

[31] *See Lance*, 549 U.S. at 439 (dismissing for lack of Article III injury in fact the voters' challenge to redistricting plan); *Cogswell v. United States Senate*, 353 F. App'x 175, 175-76 (10th Cir. 2009) (affirming dismissal of generalized grievance alleging unconstitutional Senate delay in filling two district court vacancies).

> directly and tangibly benefits him than it does the public at large – does
> not state an Article III case or controversy.[32]

The allegations in Mr. Brunson's Complaint are insufficient to show how or why the purported

government wrongs pled in his causes of action show that he has suffered a "distinct and palpable

injury to [him]self." Indeed, Mr. Brunson's only claimed injury is that the Defendants did not

follow the law, which is not enough for this court to have jurisdiction under Article III over Mr.

Brunson's claims even the in context of an election.[33] Mr. Brunson's failure to plead an injury

that is concrete and personal to him fails to show that he has standing for any of his claims.[34]

Accordingly, his claims should be dismissed.

## II.      Mr. Brunson has Failed to Establish Waiver of Sovereign Immunity

Even if Mr. Brunson has established standing, he cannot show that the United States has

waived its sovereign immunity as to any of his causes of action. "The United States and its

officers enjoy immunity from suit except in instances where the United States has expressly

---

[32] *Lance*, 549 U.S. at 439.

[33] *See,e.g., Nolles v. State Comm. for Reorganization of Sch. Dists.*, 524 F.3d 892, 900 (8th Cir. 2008) (stating that voters lacked standing to challenge legislative action because they brought a "generalized grievance shared by all the voters" who voted for a certain issue).

[34] In addition to failing to state an injury, Mr. Brunson lacks Article III standing for the additional reason that the injuries he alleges may not be redressed by the equitable relief he seeks. For example, courts lack the authority to remove members of Congress from office, to disqualify them from holding future office, or to require Congress to investigate matters before them. *Roudebush v. Hartke*, 405 U.S. 15, 18-19 (1972); *see Wright v. Brady*, 2006 WL 2371327, at *1 (S.D. Tex. Aug. 15, 2006) ("This court has no authority to order a sitting congressman removed from Congress.").

waived that protection."[35] "The policy behind this rule is that the government should not be hampered in its performance of activities essential to the governing of the nation, unless it has given its consent."[36] "Thus, if the government has not consented to suit, the courts have no jurisdiction to either restrain the government from acting, or to compel it to act."[37] Simply put, "the existence of consent is a prerequisite for jurisdiction."[38]

"A waiver of sovereign immunity cannot be implied."[39] "The government consents to be sued only when Congress unequivocally expresses its intention to waive the government's sovereign immunity in the statutory text."[40] Moreover, even where the United States has waived its sovereign immunity via express and unequivocal statutory language, the claim or cause of

---

[35] *Flute v. United States*, 808 F.3d 1234, 1239 (10th Cir. 2015); *see also United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."); *Merida Delgado*, 428 F.3d at 919 ("In general, federal agencies and officers acting in their official capacities are also shielded by sovereign immunity."); *Judicial Watch, Inc. v. Schiff*, 474 F. Supp. 3d 305, 310 (D.D.C. 2020) (providing that sovereign immunity extends to Congress when sued as a branch of government "and makes members of Congress immune from liability for actions within their legislative sphere").

[36] *United States v. Murdock Mach. & Eng'g Co. of Utah*, 81 F.3d 922, 930 (10th Cir. 1996).

[37] *Id.* (internal quotation marks omitted).

[38] *Mitchell*, 463 U.S. at 212.

[39] *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95 (1990).

[40] *Murdock Mach.*, 81 F.3d at 930; *see United States v. Mitchell*, 445 U.S. 535, 538 (1980) ("If waiver is not unequivocal from the text, the government retains its sovereign immunity.").

action must strictly comply with the statute's terms and requirements or be subject to dismissal.[41] In this case, Mr. Brunson has failed to identify any statutory language or other express provision that unequivocally waives sovereign immunity for his claims against Defendants in his constitutional, tort, and promissory estoppel claims, which are discussed in order below.

First, Mr. Brunson has failed to establish a waiver of sovereign immunity for his claims based on the United States Constitution. The United States has not waived sovereign immunity for it, its agencies, or its employees in their official capacities, to be sued for damages for allegedly violating the Constitution.[42] Therefore, the court lacks jurisdiction to hear any of Mr. Brunson's constitutional claims.

Second, to the extent some or all of Mr. Brunson's causes of action might be construed as tort claims, the relevant waiver of sovereign immunity is the Federal Tort Claims Act ("FTCA").[43] Although the FTCA provides a limited waiver of the United States' sovereign immunity, that waiver does not apply to Mr. Brunson's claims against Defendants in this case. The FTCA's limited waiver of sovereign immunity makes the federal government liable to the

---

[41] *See United States v. Sherwood*, 312 U.S. 584, 590-91 (1941).

[42] *See, e.g., F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994) ("[T]he United States simply has not rendered itself liable under § 1346(b) [of the Federal Tort Claims Act] for constitutional tort claims."); *Martinez v. Winner*, 771 F.2d 424, 442 (10th Cir. 1985) (concluding that there was no waiver of immunity to permit constitutional claims against the Department of Justice or its employees to be sued in their official capacities); *Coulibaly v. Kerry*, 213 F. Supp. 3d 93, 125-26 (2016) (providing that the FTCA does not extend to constitutional tort claims); *see also Flute*, 808 F.3d at 1239 (providing that sovereign immunity extends to requests for injunctive relief).

[43] *See generally* 28 U.S.C. §§ 2671-2680.

same extent as a private party for injuries caused by the negligent or wrongful acts or omissions of government employees acting within the scope of their employment.[44] However, this limited waiver allows only the United States, and not its officers – including the federal officer defendants in this case – to be sued under the FTCA.[45] Thus, all the causes of action against the individually named defendants that sound in tort must be dismissed.

Even though the FTCA provides a limited waiver of sovereign immunity against the United States, such waiver applies only when the claimant has exhausted his administrative remedies, which Mr. Brunson has failed to do.[46] To exhaust administrative remedies under the FTCA, Congress requires a plaintiff to first present the claim to the agency whose employees allegedly committed the negligent or wrongful act and wait six months for the agency to act before filing suit.[47] The failure to exhaust administrative remedies precludes a court from exercising subject matter jurisdiction over any alleged tort claim.[48] Relevant here, "[b]efore

---

[44] *See United States v. Orleans*, 425 U.S. 807, 813 (1976).

[45] 28 U.S.C. § 2679(a) & (b); *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009); *Coulibaly*, 213 F. Supp. 3d at 124 (providing that because the FTCA accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties, a plaintiff "may not bring tort claims against federal officials in their official capacities or against federal agencies; the proper defendant is the United States itself").

[46] 28 U.S.C. § 2675(a).

[47] *Id.*

[48] *See, e.g., McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies. Because petitioner failed to heed that clear statutory command, the District Court properly dismissed his suit.").

11

initiating a lawsuit against a United States Senator, a plaintiff is first required to file an administrative tort claim with the United States Senate under the FTCA."[49] Thus, even assuming, *arguendo,* that Mr. Brunson had alleged claims falling within the limited waiver of sovereign immunity under the FTCA, his failure to exhaust administrative remedies would nonetheless preclude this court from exercising jurisdiction over those claims.[50] Therefore, the United States has not waived it sovereign immunity to be sued under the FTCA for any of Mr. Brunson's claims sounding in tort.

Finally, Mr. Brunson has also failed to provide any basis for waiver of sovereign immunity for the two causes of action couched in terms of "promissory estoppel."[51] For starters, the there is no independent cause of action against the government founded on promissory estoppel.[52] To the extent the promissory estoppel causes of action are more properly construed as tort claims, the court lacks jurisdiction over those claims for the reasons set forth above.

---

[49] *DeMasi v. Schumer*, 608 F. Supp. 2d 516, 525 (S.D.N.Y. 2009).

[50] *Id.* (dismissing case against United States Senator for failure to allege compliance with exhaustion requirement).

[51] *See* ECF No. 2-1 at 15-18.

[52] *See, e.g., Jablon v. United States*, 657 F.2d 1064, 1070 (9th Cir. 1981) (dismissing promissory estoppel claim against government, stating "[w]e have not discovered, and the parties have not cited, any precedent in this circuit for an independent cause of action against the government founded upon promissory estoppel. Neither have we discovered a statute which would allow [plaintiff] to sue the United States in this instance."); *see also, e.g., Santoni v. Fed. Deposit Ins. Corp.*, 677 F.2d 174, 179 (1st Cir. 1982) (holding that claims based on promissory estoppel sounded in tort for misrepresentation and therefore were barred by the FTCA); *Coulibaly*, 213 F. Supp. 3d at 126-28 (dismissing promissory estoppel claims against federal government employees, regardless of whether claims sounded in tort or contract); *Orleans Parish*

To the extent the promissory estoppel causes of action could somehow be read as contract claims, subject matter jurisdiction would still be lacking. The Tucker Act provides a limited waiver of sovereign immunity with respect to certain claims "against the United States … upon any express or implied contract with the United States."[53] However, where a plaintiff seeks damages in excess of $10,000, as Mr. Brunson does here, the jurisdiction of the United States Court of Federal Claims is exclusive.[54] Accordingly, Mr. Brunson cannot show that the United States has waived its sovereign immunity for his estoppel, tort, or constitutional claims. Therefore, the court lacks subject matter jurisdiction over this action and should dismiss it.[55]

---

*Communication Dist. v. FEMA*, No. 11-209, 2011 WL 4829887, at *8 n.5 (E.D. La. Oct. 12, 2011) (same).

[53] 28 U.S.C. § 1491(a)(1).

[54] *Id.*; *Greenhill v. Spellings*, 482 F.3d 569, 573 (D.C. Cir. 2007) ("If [the plaintiff] explicitly or in essence seeks money damages in excess of $10,000, jurisdiction rests exclusively with the Court of Federal Claims."); *cf.* 28 U.S.C. § 1346(a)(2) (stating that the United States district courts exercise concurrent jurisdiction over "[a]ny … claim against the United States, *not exceeding $10,000 in amount*, founded … upon any express or implied contract with the United States" (emphasis added)).

[55] Mr. Brunson's claims against defendant members of Congress and former Vice President Pence, alleging failure to investigate election fraud prior to accepting the electoral college votes, are also likely barred by absolute legislative immunity under the Speech or Debate clause of the Constitution. Article I, section 6 of the Constitution provides: "The Senators and Representatives … for any speech or Debate in either House, … shall not be questioned in any other Place." This clause affords Members of Congress absolute immunity from all claims arising out of their conduct in the legislative sphere. *See, e.g., Rockefeller v. Bingaman*, 234 F. App'x 852, 855 (10th Cir.) (holding that Speech or Debate immunity barred suit challenging the "decision of individual Congressmen not to take legislative action in response to [plaintiff's] prompts"), *cert. denied*, 552 U.S. 1022 (2007); *see also Rangel v. Boehner*, 785 F.3d 19, 23 (D.C. Cir. 2015) (providing that the "Supreme Court has consistently read the Speech or Debate Clause 'broadly' to achieve its purposes").

## <u>CONCLUSION</u>

Based on the foregoing analysis of sovereign immunity and standing, the court lacks subject matter jurisdiction over the causes of action set forth in Mr. Brunson's Complaint. Therefore, the court recommends that the action be dismissed, in its entirety, without prejudice under Fed. R. Civ. P. 12(b)(1).

\* \* \* \* \*

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[56]  The parties must file any objection to this Report and Recommendation within 14 days after being served with a copy of it.[57]  Failure to object may constitute waiver of objections upon subsequent review.

DATED January 6, 2022.

BY THE COURT:

_____

JARED C. BENNETT
United States Magistrate Judge

---

[56] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

[57] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).