FILED
2022 FEB 2 PM 3:55
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RALAND BRUNSON,<br><br>   Plaintiff,<br><br>v.<br><br>ALMA S. ADAMS, et al.,<br><br>   Defendants. | **ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING REQUEST TO AMEND COMPLAINT**<br><br>Case No. 1:21-cv-00111-JNP-JCB<br><br>Judge Jill N. Parrish |

Magistrate Judge Jared C. Bennett issued a Report and Recommendation that the court grant the defendants' motion to dismiss for two independent reasons. ECF No. 23. First, Judge Bennett reasoned that the court does not have subject matter jurisdiction over plaintiff Raland Brunson's action because he lacks standing to assert his claims. Second, Judge Benson determined that Brunson failed to establish that the United States has waived sovereign immunity for his claims.

Brunson filed an objection to the Report and Recommendation. The objection has two main components. First, Brunson argues that the court should not adopt the Report and Recommendation because it does not specifically address his response brief. Brunson contends that this failure to address his arguments violates the Due Process Clause of the Fourteenth Amendment and provisions of the Utah Constitution. Second, Brunson requests leave of court to file an amended complaint.

I.  **OBJECTION TO REPORT AND RECOMMENDATION**

The court reviews de novo the portions of the Report and Recommendation to which Brunson has objected. FED. R. CIV. P. 72(b)(3). Brunson raises only one objection. He argues that the court should not adopt the Report and Recommendation because it does not specifically address

the arguments made in his response brief. He contends that this failure violates his rights under the Due Process Clause of the Fourteenth Amendment and the Due Process and Open Courts Clauses of the Utah Constitution.

The court overrules Brunson's objection. He cites no caselaw supporting his assertion that a reviewing court must specifically address arguments made in a brief. Brunson was afforded procedural due process by receiving notice of the motion to dismiss and having a reasonable opportunity to respond to it. *See United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 48 (1993) (procedural due process requires "notice and an opportunity to be heard"). And the Open Courts Clause of the Utah Constitution does not guaranty specific responses to arguments in a response brief. *See Berry ex rel. Berry v. Beech Aircraft Corp.*, 717 P.2d 670, 675 (Utah 1985) (the Open Courts Clause "guarantees access to the courts and a judicial procedure that is based on fairness and equality").

Brunson does not raise any objection to the Report and Recommendation's conclusions that Brunson lacks standing to assert his claims and that the defendants are entitled to sovereign immunity. Thus, Brunson has waived any objection to these conclusions. *See United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

II.     REQUEST TO AMEND

Brunson also requests leave of court to amend his complaint. He states that the only proposed change to the complaint is to recast his breach of duty claim as a negligence claim. "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (citation omitted).

The court finds that the requested amendments are futile. Brunson does not argue that the changes to his complaint would affect his lack of standing to bring his claims. And the court is unable to discern any way in which the proposed changes would affect his standing to sue members of Congress. Accordingly, Brunson's request to file an amended complaint is denied.

## CONCLUSION AND ORDER

For the foregoing reasons, the court ORDERS as follows:

1. The Report and Recommendation, ECF No. 23, is ADOPTED IN FULL.
2. The court GRANTS the defendants' motion to dismiss Brunson's action. ECF No. 3. Because the court lacks subject matter jurisdiction over this action, dismissal is without prejudice.

**DATED** February 2, 2022.

BY THE COURT:

_____
JILL N. PARRISH
United States District Judge